UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | June 13, 2025 |
| Title | Apogee Law Group P.C. v. Holly Ying Li | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiff's Motion for Default Judgment [27] and Defendant's Motion to Set Aside Default [30]**

On March 21, 2025, the Clerk entered default in this case against Defendant Holly Ying Li ("Li"). (Entry of Default, Dkt. No. 22.) On April 20, 2025, Plaintiff Apogee Law Group P.C. ("Apogee") moved for default judgment against Li. (Mot. for Default J., Dkt. No. 27.) Then, on May 2, 2025, Li moved to set aside the entry of default. (Mot., Dkt. No. 30.) Apogee opposed Li's motion to set aside. (Opp'n, Dkt. No. 33.) Li did not reply.

The Court posted a tentative order and heard oral argument on this matter on June 9, 2025. During oral argument, for the first time, Li argued that service of process was improper under Voltage Pictures, LLC v. Gussi, S.A. de C.V., 92 F.4th 815 (9th Cir.), cert. denied, 145 S. Ct. 158 (2024). Li apparently did not inform Apogee that she would raise this argument until fifteen minutes before the hearing. Li then manually filed the case for this Court's review. (Dkt. No. 38.)[1]

For the following reasons, the Court **GRANTS** Li's motion to set aside the entry of default and **DENIES** Apogee's motion for default judgment.

**I. BACKGROUND**

---

[1] Although the Court admonishes Li for her failure to raise this argument sooner, the Court also finds the Ninth Circuit's holding in Voltage to be determinative in this matter. Thus, to avoid prejudice to Li, the Court considers Voltage's holding in its analysis. But for the jurisdictional aspects of the present motion, the Court would have disregard her belated offer of new authority, and is likely in the future to disregard such untimely efforts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | June 13, 2025 |
| Title | Apogee Law Group P.C. v. Holly Ying Li | | |

Apogee and Li were parties to JAMS Arbitration No. 1200058273. (Petition, Dkt. No. 1, ¶ 1; Paul Tauger Declaration ("Tauger Decl.") 1, Dkt. No. 1-1, Ex. A.) On October 31, 2023, the JAMS Arbitrator issued a final award of $99,996.26 against Li and in favor of Apogee. (Tauger Decl. 1, Ex. A.) The arbitrator re-affirmed the final award on November 14, 2023. (Id., Ex. B.) On October 30, 2024, Apogee filed this lawsuit against Li, requesting that this Court issue an Order confirming the Final Award and enter judgment in favor of Apogee. (Petition ¶ 27.)

On December 20, 2024, Apogee attempted to serve Li by leaving the Complaint and Summons in this action with a receptionist at the Newport Beach address associated with Intelink Law Group, PC ("Intelink"). (Dkt. No. 12.) The papers were addressed to Brad Bertoglio, who is the Agent for Service at Intelink. (Id.) Bertoglio received the Complaint and Summons sometime in January 2025, after the holidays. (Brad Bertoglio Declaration ("Bertoglio Decl."), Dkt. No. 30-2, ¶ 4.) On January 7, 2025, Bertoglio sent an email to Apogee's counsel "advising that neither [he] nor [his] firm are authorized to accept service for Ms. Li." (Id. ¶ 5, Ex. A.) Li claims that, although she has a limited "of counsel" relationship with Intelink, she has "never conducted business from their Newport Beach office, and they are not authorized to accept legal documents for [her]." (Holly Li Declaration ("Li Decl."), Dkt. No. 30-1, ¶ 5.)[2] In fact, Li states that she does "not conduct business in California and does not maintain a mailing address, business office, or bank accounts in the state." (Id. ¶ 3.)

On January 27, 2025, Apogee again left the Complaint and Summons with the Intelink Group receptionist in Newport Beach. (Dkt. Nos. 13-14.) Further, on January 29, 2025, Apogee mailed the Complaint and Summons to the Intelink address in Newport Beach. (Dkt. No. 16.) On February 3, 2025, Bertoglio sent another email to Apogee's counsel "expressing concern that repeated service attempts were being made" at the purportedly wrong location. (Bertoglio Decl ¶ 7, Ex. C.) Bertoglio further stated that he and his firm were "not authorized to receive service" for Li, and that Li "does not customarily receive correspondence" at Intelink's Newport Beach location. (Id. ¶ 7.) According to Bertoglio, Li did not receive any of the documents delivered to Intelink's office. (Id. ¶ 8.)

---

[2] According to Bertoglio, Li only works for the firm "from time to time as an independent contractor remotely from New York, where she resides," and is "of counsel" in name only. (Bertoglio Decl. ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02368-JVS-KES           Date  June 13, 2025

Title     Apogee Law Group P.C. v. Holly Ying Li

    Li is a New York Resident, and has exclusively lived and worked in the State of New York since 2018. (Li Decl. ¶ 2.) On January 16, 2025, Apogee also attempted to serve Li at a residential address in New York. (Dkt. No. 15.) However, upon arrival, the process server learned that Li had moved out of that location prior to the COVID-19 pandemic. (Id.; Tauger Decl. 2, Dkt. No. 33-2, ¶ 8, Ex. G.)

    Li's New York public bar registration and her Demand for Arbitration both list her business address as Intelink Law Group in New York. (Opp'n at 5-6; Tauger Decl. 2, Ex. D-E.) Thus, Apogee also attempted to serve Li three times between January 24, 2025, and January 29, 2025, at the Intelink address in New York. (Dkt. No. 19.) However, the building's receptionist informed the process server that Intelink no longer conducted business at that address. (Id.)

    Finally, on January 29, 2025, Apogee emailed copies of the Summons and Complaint to Li at the email address provided in the JAMS arbitration. (Robert Hart Declaration ("Hart Decl."), Dkt. No. 33-1, ¶ 5, Ex. A.) Apogee received a read receipt, indicating that Li opened the email on February 19, 2025. (Id., Ex. D.) On March 21, 2025, the Clerk entered default against Li. (Entry of Default.) Li claims that she was unaware that this lawsuit had been filed against her until after the Clerk had entered default. (Li Decl. ¶ 7.) Upon learning of the lawsuit, Li "promptly retained counsel and moved to set aside default." (Id. ¶ 8.)

## II. LEGAL STANDARD

*1.  Motion to Set Aside an Entry of Default*

    Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause" in accordance with Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Because 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately." Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc., 375 F.3d 922, 927 (9th Cir. 2004).

    In the Ninth Circuit, there are "three factors derived from the 'good cause'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | June 13, 2025 |
| Title | Apogee Law Group P.C. v. Holly Ying Li | | |

standard that govern[] the lifting of entries of default under Fed. R. Civ. P. 55(c)." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). These factors are: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. See Franchise Holding, 375 F.3d at 925-26. Because these factors are disjunctive, the Court may decline to set aside the default if any of the factors are resolved against the movant. Id. at 925; Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1112 (9th Cir. 2011).

Defendants have "the burden of showing that any of these factors favor[] setting aside the default." Franchise Holding, 375 F.3d at 926. This is true even though "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

*2.    Motion for Default Judgment*

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

a.    Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | June 13, 2025 |
| Title | Apogee Law Group P.C. v. Holly Ying Li | | |

other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  L.R. 55-1.

      b.     Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.  DISCUSSION

The court begins by determining whether Li was properly served in the pending lawsuit.  Failure to properly serve a defendant constitutes "good cause" for setting aside an entry of default.  See, e.g., Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 202 (9th Cir. 1988), holding modified on other grounds by Kohn v. State Bar of Cal., 87 F.4th 1021 (9th Cir. 2023) (holding that it was not an abuse of discretion for a district court to set aside an entry of default where the defendant was not properly served); Arthur Ct. Designs, Inc. v. Jensen, No. C-09-0584 EMC, 2009 WL 2157544, at *4 (N.D. Cal. July 20, 2009) (setting aside an entry of default because of improper service).

In a belated argument, Li argued that she was not properly served pursuant to the Ninth Circuit's holding in Voltage.  In Voltage, the Ninth Circuit held that, when a plaintiff files its motion to compel an arbitration award in federal court, service of the motion must comply with federal law.  Voltage, 92 F.4th at 825.  The Ninth Circuit further held that, under 9 U.S.C. § 9, "[i]f the adverse party shall be a nonresident [of the district within which the arbitral award was made], then the notice of the application [to confirm the arbitral award] shall be served *by the marshal* of any district within which the adverse party may be found *in like manner as other process of the court*."  Id. at 827 (emphasis and alterations in original) (quoting 9 U.S.C. § 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | June 13, 2025 |
| Title | Apogee Law Group P.C. v. Holly Ying Li | | |

Here, Li claims that she is a New York Resident, and has exclusively lived and worked in the State of New York since 2018. (Li Decl. ¶ 2.) Although Apogee may dispute this contention, there is no evidence that Li resides in California. Further, the arbitration took place in Irvine, California. (Tauger Decl., Ex. A.) Thus, because Apogee did not comply with the marshal requirement for service of a nonresident in 9 U.S.C. § 9, Li was improperly served.[3] The Court finds good cause to set aside the entry of default.[4]

Because the Court **GRANTS** Li's motion to set aside the entry of default, it also **DENIES** Apogee's motion for default judgment, as moot.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Li's motion to set aside the entry of default and **DENIES** Apogee's motion for default judgment.

**IT IS SO ORDERED.**

---

[3] The parties have also provided no evidence that Li waived service of process. Voltage, 92 F.4th at 824 (stating that Federal Rule of Civil Procedure 4 governs service of process unless the party-to-be-served waived service).

[4] In its tentative order the Court found that Li did not present a meritorious defense to the lawsuit. However, because the Court now determines that Li was improperly served, it need not address this issue.