Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| APOGEE LAW GROUP P.C., a California corporation,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>HOLLY YING LI, an individual,<br><br>Defendant/Respondent. | **CASE NO: 8:24-cv-02368-JVS-KES**<br><br>**JAMS ARBITRATION NO: 1200058273**<br><br>**APOGEE LAW GROUP P.C.'S APPLICATION FOR EXTENSION OF TIME TO SERVE PURSUANT TO THIS COURT'S ORDER OF JANUARY 22, 2026**<br><br>Before the Honorable<br>JAMES V. SELNA |

I.      **Introduction**

On October 30, 2024, Plaintiff/Petitioner Apogee Law Group P.C. ("Apogee") filed the instant action confirm an arbitration award in the amount of $99,996.26 (plus statutory interest) against Defendant/Respondent Holly Ying Li ("Li"). Since that date, Apogee has been trying, in good faith, to serve Li with the summons and complaint in this matter, including hiring private detectives and employing several different process servers. As the Court may recall, and as detailed at length in Apogee's Opposition to LI's Motion to Vacate (Doc. 33) at Section III, Li, with the collusion of her counsel and employer, have evaded, and continue to evade, service of process in an attempt to preclude Apogee from collecting on the judgment.

As noted in the previously filed Declaration of Robert Hart in Support Plaintiff's Response to OSC (the "First Hart Dec."), Li claims to be CEO and General Counsel of a company called "Biovyse." As of the date of this filing, the New York Secretary of State shows no listing for an entity of this name. Declaration of Paul N. Tauger filed concurrently. Additionally, Li has claimed association with the Intelink Law Group, P.C. ("Intelink") and is listed on that firm's website as being located in the their New York office. *Id.* However, as of

the date of this filing, and throughout the instant action, Intelink has not been, and is not, authorized to do business in the State of New York.

## II. Plaintiff's Efforts Since January 22, 2026

On January 13, 2026, pursuant to this Court's instructions, Attorney Robert Hart ("Hart") delivered to the U.S. Marshals Service in El Paso, Texas, a complete package of all information and forms necessary to effect service of process upon Li. Included was a Cashier's Check in the amount of $1,050.00.

As detailed in the Declaration of Robert Hart, filed concurrently herewith, (the "Second Hart Declaration"), and perhaps not surprisingly, the U.S. Marshals' Office has had considerable difficulty locating Li. However, they are continuing their efforts through both the New York Marshal's Office and the Los Angeles Office.

Between January 13 and February 25, 2026, Mr. Hart had four (4) in-person meetings with U.S. Marshal Guzman regard the U.S. Marshal Service's attempts to find and serve Ms. Holly Li. (see Decl. Robert Hart of March 8, 2026, ¶ 11).

As recently as last week, U.S. Deputy Marshal America Bailon instructed Hart to send her two law firm checks (one for covering transport of documents and a blank check to cover investigative services) (see Decl. Robert Hart of March 8, 2026, ¶ 14). Ms. Bailon will supervise the Marshal Services' New York Office

as each office has their own rules and guidelines for finding individuals and serving them with court documents. *Id.*

### III.  Plaintiff's Proposed Plan to Effect Service

Plaintiff will, of course, continue to support the U.S. Marshals Office efforts to locate and serve Li.  However, Apogee is preparing an application for an order permitting Plaintiff to subpoena Intelink and Li's current counsel for the limited purpose of determining the address of Li and the extent to which both her employer and her current counsel have participated in assisting Li to unlawfully evade service of process.  Plaintiff will file the application on or before March 16, 2026.

### IV.  Conclusion

Clearly, it cannot be the intent of either Congress or the Ninth Circuit Court of Appeals to allow a defendant found liable for conversion in an arbitration to avoid having an enforceable judgment entered against her through the simple expedient of hiding from the U.S. Marshals Office.  Accordingly, Plaintiff respectfully suggests that, in the particular circumstances of the instant matter in which Li has maintained false address information with her respective bar associations, and conspired with he employer and current counsel to conceal her whereabouts, it is not only appropriate, but necessary that this Court grant additional time to effect service of process on Li.

Plaintiff therefore respectfully requests that the Court grant Plaintiff an additional forty-five (45) days to track down and have the U.S. Marshals Office serve Li.  Plaintiff will report back to the Court with proof of service from the U.S. Marshal Service or with a status update on or before April 23, 2026.

Respectfully submitted,

Date: March 8, 2026

_____
Paul N. Tauger
ADDYHART LLC
5151 California Street, Suite 100
Irvine, California 92617

*Attorneys for Plaintiff/Petitioner Apogee Law Group P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2026, I filed a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter.

March 8, 2026

_____
Paul N. Tauger