Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| APOGEE LAW GROUP P.C., a California corporation, <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> HOLLY YING LI, an individual, <br><br> Defendant/Respondent. | **CASE NO: 8:24-cv-02368-JVS-KES** <br><br> **JAMS ARBITRATION NO: 1200058273** <br><br> **APOGEE LAW GROUP P.C.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF EX PARTE NOTICE PURSUANT TO L.R. 7-19; CERTIFICATE OF SERVICE** <br><br> Before the Honorable <br> JAMES V. SELNA |

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

**TO THIS HONORABLE COURT, DEFENDANT HOLLY YING LI, AND HER ATTORNEYS OF RECORD:**

Please be on notice that, pursuant to Local Rule 7-19, Plaintiff Apogee Law Group, PC ("Plaintiff"), shall and does move the Court by *ex parte* application for an order granting leave to conduct discovery pursuant to Fed.R.Civ.P. 26(d) prior to the Fed.R.Civ.P. 26(f) conference.

Grounds for this application are as stated in the accompanying *ex parte* Application, the attached Memorandum of Points and Authorities, and the concurrently filed [Proposed] Order.

This *ex parte* application will be based upon this Notice, the Memorandum of Points and Authorities in support thereof, the complete court file of this case, the [Proposed] Order and the concurrently filed Declaration of Paul N. Tauger , any additional briefing and/or argument as the Court, in its discretion, deems necessary.

Respectfully submitted,

Date: March 20, 2026

Paul N. Tauger
ADDYHART LLC
5151 California Street, Suite 100
Irvine, California 92617

*Attorneys for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      Introduction

On October 30, 2024, Plaintiff/Petitioner Apogee Law Group P.C. ("Apogee") filed this action confirm an arbitration award in the amount of $99,996.26 (plus statutory interest) against Defendant/Respondent Holly Ying Li ("Li").  Since that date, Apogee has been trying, in good faith, to serve Li with the summons and complaint in this matter, including hiring private detectives and several different process servers.  Per this Court's orders of July ___, 2025, January 13, 2026, and March ___, 2026, has enlisted the US Marshals Office in its efforts to effect service upon Li.  However, even the US Marshals have been stymied in their attempts to find her.

There are, however, two entities besides Li who, without question, have knowledge of Li's location: Li's employer, Intelink Law Group, and her current counsel, Aptum Law. Though both could be compelled through discovery to provide location information for Li, the provisions of Fed.R.Civ.P. 26(d) preclude discovery prior to the Fed.R.Civ.P. 26(f) conference.  However, Rule 26(d) allows this Court to issue an order permitting pre-Rule 26(f) discovery.  As discussed, *infra*, the Ninth Circuit Court of Appeals expressly approves the exercise of this

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

Court's discretion to permit pre-Rule 26(f) discovery to determine the location of a defendant for purposes of serving process on her. Plaintiff Apogee therefore respectfully requests that the Court grant its application and issue an order allowing it to subpoena the necessary and deliberately-hidden information needed to effect service on Li.

## II.   Factual Background

Li worked as a 1099 independent contractor for Plaintiff/Petitioner Apogee Law Group P.C. ("Apogee") pursuant to an Offer Letter to Join Apogee Law Group P.C. (the "Offer Letter") that both parties signed. *See* Ex. A to the previously-filed Declaration of Paul N. Tauger (hereafter, the "Tauger Decl.") [Dkt# 33-1]. Li was fired when Apogee's managing partner discovered that she was preparing and transmitting fraudulent invoices that directed a client, CTG, to pay her own private non-law-firm company instead of Apogee as the Offer Letter directed. *See* previously-filed Declaration of Robert Hart (hereafter, the "Hart Decl.), filed concurrently herewith, ¶ 2. [Dkt# 33-2]

Because CTG thought it was being doubled-billed, once by Li and subsequently by Apogee, it refused to pay most of its legitimate Apogee invoices. *Id.* at ¶ 3. Apogee initiated an arbitration against CTG for the outstanding amounts

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

and received an arbitration award against CTG that was confirmed in this district. *Id*. at ¶ 4.

Li then initiated a Demand for Arbitration with JAMS against Apogee, claiming that Apogee owed her a portion of the amount awarded Apogee against CTG even though Apogee had been unable to collect anything from CTG, and notwithstanding the provision of the Offer Letter that stated Li would be paid only when invoiced amounts were collected. *Id*. Apogee, in turn, initiated a counter-demand for conversion of its proportional share of funds that had been fraudulently diverted to Li's private company. *Id.*

After a full evidentiary trial on the merits that included the full participation of Li, including her live trial testimony and examination of witnesses, the arbitrator denied Li's claims in their entirety, and issued a Final Award to Apogee in the amount of $99,996.26, plus post-judgment interest accrual. *See*, Ex. B to the Tauger Decl. [Dkt# 33-1]. This amount represented actual damages plus sanctions for Li's vexatious conduct throughout the entire arbitration process. *Id.* It is that Final Award for which Apogee seeks this Court's confirmation.

As detailed at length in Apogee's Opposition to Li's Motion to Vacate at Section III [Dkt# 33], Li, with the collusion of her counsel and employer, have evaded, and continue to evade, service of process in an attempt to preclude Apogee from collecting on the judgment.

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

As noted in the previously-filed Declaration of Robert Hart in Support Plaintiff's Response to OSC (the "First Hart Dec.") [Dkt. 49-2], Li claims to be CEO and General Counsel of a company called "Biovyse." The New York Secretary of State shows no listing for an entity of this name. Additionally, Li has claimed association with the Intelink Law Group, P.C. ("Intelink") and is listed on that firm's website as being based in its New York office. However, as of the date of this filing, and throughout this action, Intelink has not, and is not, authorized to do business in the State of New York.

## III. Pre-Rule 26(f) Discovery of Li's Location is Appropriate and Authorized as a Matter of Law.

Fed.R.Civ.P. 26(d) provides, in pertinent part: "**Except . . . when . . . by order** . . . , a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). [emphasis added]." In the Ninth Circuit, courts allow limited discovery, "after filing of the complaint to permit the plaintiff to learn identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (1999), *citing*, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The *Columbia* court held that allowing such pre-Rule 26(f) discovery, "will only be employed in cases where the plaintiff has in

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate. *Id.* at 578.

"In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *UMG Recordings, Inc. v. Doe*, 2008 U.S. Dist. LEXIS 79087, *9-10; *accord*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276.

"In fashioning Rule 26(d) discovery orders, the district court wields broad discretion." *Marketo, Inc. v. Doe*, 2018 U.S. Dist. LEXIS 197169, *3, *citing, Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). The *Marketo* court set out a four factor test for permitting pre-Rule 26(f) discovery:

(1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court;

(2) the plaintiff has identified all previous steps taken to locate the elusive defendant;

(3) the plaintiff's suit against defendant could withstand a motion to dismiss; and

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

(4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Marketo, supra,* at *3-4.

### A.    Plaintiff has Satisfied the Four *Marketo* Factors

The first factor, identification of the missing party with sufficient specificity, is moot, as Li has submitted to jurisdiction in this Court by virtue of the signed Offer Letter, by which the parties stipulated to jurisdiction and venue.

The second factor, identification of all previous steps taken to locate Li, has been well documented in numerous filings with this Court.

The third factor, that plaintiff's suit against defendant could withstand a motion to dismiss, is clearly satisfied.  9 U.S.C. § 9 provides, in pertinent part, "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this Title." Because more than three months elapsed since the award issued, 9 U.S.C. § 12 precludes Li's ability to vacate, modify or correct the award.

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

The fourth factor is also clearly satisfied as the only thing preventing service of Li is knowledge of her location.

**B.      Plaintiff Satisfies the Ninth Circuit "Good Cause" Requirement**

In the Ninth Circuit, good cause for expedited discovery exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276; *UMG Recordings, Inc. v. Doe*, 2008 U.S. Dist. LEXIS 79087, *9-10.  There can be no conceivable prejudice to Li by allowing Plaintiff to discover her address so that, at long last, it may serve her with the instant proceeding.  As briefed at length in multiple pleadings, Plaintiff has, "in good faith exhausted traditional avenues for identifying a civil defendant pre-service" and is not using this pre-service discovery "to harass or intimidate." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (1999).

**C.      The Appropriate Exercise of the Court's Discretion is Authorizing**

**Service of a Subpoena on Li's Employer and Her Current Counsel**

Applying the *Semitool* and *UMG Recordings* rule, the court in *Capitol Records, Inc. v. Doe*, 2007 U.S. Dist. LEXIS 97702 permitted serving a subpoena pursuant to Fed.R.Civ.P. 45 that sought, "information sufficient to identify the Doe

Defendant, including the name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for the Defendant." *Id.* at * 3. Accordingly, the correct vehicle for pre-Rule 26(f) discovery is a subpoena pursuant to Fed.R.Civ.P. 45.

### (1)    Li's Present Counsel May be Compelled to Provide Information Permitting Plaintiff to Locate and Serve Li

As a threshold matter, a client's address is <u>not</u> protected by attorney/client privilege. With respect to questions of privileged communications, federal courts follow the law the of the state forum. *Baird v. Koerner*, 279 F.2d 623, 628 (1960) *[reversed on other unrelated grounds.]* This is because the attorney/client privilege is created by state law and varies from state to state. *Id.*

"[I]t is the majority American rule that the identity and address of an attorney's client is not per se a confidential communication protected by the attorney-client privilege when there is a legitimate need for a court to require such disclosure." *Willis v. Superior Court*, 112 Cal. App. 3d 277, 291 (1980). Here, the necessity of requiring Li's counsel's disclosure of location information of Li is a legitimate need. As such, the privilege would not, and does not, apply and counsel may be compelled to provide the limited information demanded by Plaintiff.

### (2)    Li's Employer May be Compelled to Provide Location Information Permitting Plaintiff to Locate and Serve Li

Though Li's employer, Intelink Law Group, is a law firm, neither attorney/client privilege, nor any other privilege, would apply to compelled disclosure of Li's location information demanded by Plaintiff's proposed subpoena that accompanies the [Proposed] Order in this application.

.

Respectfully submitted,

Date: March 20, 2026

Paul N. Tauger
ADDYHART LLC
5151 California Street, Suite 100
Irvine, California 92617

*Attorneys for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

## DECLARATION OF *EX PARTE* NOTICE

I, Paul N. Tauger, declare:

1.   I am an attorney, licensed and admitted to practice before all of the United States District Courts and State Courts of the State of California.  I am the attorney of record for Plaintiff/Respondent Apogee Law Group P.C.  I have personal knowledge of the facts averred herein and, if called upon, could and would testify to the truth thereof.

2.   On Friday, March 20, 2026, at approximately 4:50 pm, I telephoned counsel for Holly Ying Li at telephone number listed for Attorney Zheng Liu at the phone number which appears in the docket for this matter.  My call was answered by voice mail.  I left a detailed message in which I stated that Apogee would be making *ex parte* application for an order pursuant to Rule 26(d) permitting pre-Rule 26(f) discovery of Holly Ying Li's location information directed to Li's employer and current counsel.

///

///

///

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

I swear under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.  Executed this 20th day of March, 2026, at Newport Beach California.

_____

Paul N. Tauger

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, I filed a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter.

March 20, 2026

_____
Paul N. Tauger

APOGEE LAW GROUP P.C.'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER PERMITTING DISCOVERY PRIOR TO THE FRCP 26(f) CONFERENCE