Zheng "Andy" Liu (SBN: 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Telephone: 650.475-6289
Email: andy.liu@aptumlaw.us

*Attorneys for Holly Ying Li*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOGEE LAW GROUP P.C., a California corporation,<br><br>  Petitioner,<br><br>  v.<br><br>HOLLY YING LI.; and DOES 1 to 50, inclusive,<br><br>  Respondents, | Case No.: 24-cv-02368-JVS-KES<br><br>**MOTION TO DISMISS UNDER RULE 12**<br><br>The Honorable James V. Selna<br>Date: July 13, 2026<br>Time: 1:30 PM<br>Courtroom 10C |

PLEASE TAKE NOTICE that on July 13, 2026[1], at 1:30 p.m. or as soon thereafter as

the matter can be heard, in Courtroom 10C of the above- entitled court, located at 411

West Fourth Street, Santa Ana, CA, 92701, Respondent Holly Ying Li will and hereby

---

[1] Counsel for Respondent Li is unavailable for hearing dates in the second half of June 2026, because he is required to take and defend in-person depositions in Hong Kong in another federal court case pending before the Northern District of Illinois. The Counsel apologizes for any inconvenience this may cause.

**MOTION TO DISMISS UNDER RULE 12**

does move to dismiss under Rule 12 because the purported service on a doorman at a New York City apartment building that Respondent Li was neither residing nor physically present does not confirm with 9 U.S.C. § 9 and Rule 4.

Respondent Li's motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Holly Ying Li, the Court's files and records in this action, and such other written or oral argument as may be presented at or before the hearing on this motion.

Dated: May 13, 2026.                    Respectfully submitted,


                                        _____/s/_____
                                    By:  Zheng "Andy" Liu (SBN: 279327)
                                            Telephone: 650.475-6289
                                        Email: andy.liu@aptumlaw.us
                                        Attorneys for Holly Ying Li

**MOTION TO DISMISS UNDER RULE 12**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. ISSUES TO BE DECIDED

Is the purported service of process valid, when the process was given to a doorman at a New York City apartment building where, as Petitioner already knows, Respondent Li was neither residing nor physically present.

### II. FACTS

This is a dispute between a law firm and its former employee.

On October 30, 2024, Petitioner Law Firm filed this Petition to confirm arbitration award. Dkt. 1.

Between December 20, 2024 and January 27, 2025, Petitioner Law Firm filed a slew of proofs of service, claiming to have served Respondent Li at various Orange County locations, on different days, at different times, and by different means. Dkts. 12-14.

On January 15, 2025, Petitioner Law Firm attempted service at 333 East 46th Street, Apt 17E, New York, NY 10017 (Respondent's Prior Residence) but was told that Respondent Li "no longer resides at the location and have moved out prior to the COVID-19 pandemic." Dkt. 15.

On January 15, 2025, Petitioner Law Firm attempted service at a WeWork shared office space but was again told that Respondent Li "no longer works at this address." Dkt. 19.

On December 27, 2024, Petitioner Law Firm claimed to have served the process on

1
**MOTION TO DISMISS UNDER RULE 12**

Respondent Li at an Orange County shared workspace. Dkt. 12. Respondent Li was neither residing, nor physically present, nor employed at the shared workspace when the purported service took place.

On June 13, 2025, the Court ruled that Petitioner Law Firm had never properly served Respondent Li. Dkt. 40.

Between June 13, 2025 and January 12, 2026, Petitioner Law Firm did not meaningfully attempt any service of process on Respondent Li.

In December 2025, Respondent Li began residing in the State of New Jersey. Declaration of Ying Holly Li (Li Decl.), ¶¶ 2-9. In December 2025, Respondent Li changed her only driver's license to a New Jersey driver's license and did not maintain driver's license issued by any other state (*Id.*, ¶10, Ex. A); on January 6, 2026, Respondent Li registered to vote in the State of New Jersey (*Id.*, ¶11, Ex. B). For still another example, in December 2025, Respondent Li changed the billing address of her only phone to that of the State of New Jersey. *Id.*, ¶12, Ex. C.

On January 12, 2026, the Court issued an OSC re: dismissal due to Petitioner Law Firm's continuing failure to serve Respondent Li. Dkt. 18.

After January 12, 2026, Petitioner Law Firm, once again, directed the service of process at Li's Prior Residence, where Respondent was residing since 2007. Li Decl., ¶12. In fact, on January 15, 2025, Petitioner Law Firm was told that Respondent Li "no longer resides at the location and have moved out prior to the COVID-19 pandemic." Dkt. 15.

**MOTION TO DISMISS UNDER RULE 12**

### III. LEGAL FRAMEWORK

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). "It is the burden of the party responsible for process to show that service was sufficient." *Linton v. Colpo Talpa, LLC ( In re Linton)* (9th Cir. Nov. 18, 2022, No. 21-60053) 2022 U.S. App. LEXIS 31918.

Section 9 of the Federal Arbitration Action (9 U.S.C. Section 9) requires the service of a petition to confirm arbitration award on an out-of-state respondent be carried out by a U.S. Marshal "in like manner as other process of the court." *Voltage Pictures, LLC v. Gussi S.A. de C.V.* (9th Cir. 2024) 92 F.4th 815, 829; emphasis added.

### IV. DISCUSSIONS

#### A. The Process Should Be Served By A Marshal Under Rule 4.

The Ninth Circuit has held that "Section 9's marshal requirement does not expressly contradict or irreconcilably conflict with the current Federal Rules, which still allow for service by a U.S. marshal if the court so orders …." *Voltage Pictures*, 92 F.4th at 830.

The *Voltage Pictures* Court stated (albeit without holding) that the Marshal Requirement imposed by FAA Section 9 could be implemented into Rule 4, when an out-of-state Respondent is involved. More specifically, the Ninth Circuit in *Voltage Pictures* considered *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268 (2d Cir.

3

**MOTION TO DISMISS UNDER RULE 12**

1971)[2] decided by the Second Circuit and then stated that FAA Section 9's Marshal Requirement applies, even when FAA Section 9 "refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service…." *Reed & Martin*, 439 F.2d 1268, 1277.

Thus, here, the process on out-of-state Respondent Li should be served by a U.S. Marshal in accordance with Rule 4.

**B. The Purported Service Of The Process Failed To Comply With Rule 4(e).**

Rule 4(e) governs serving an individual within a judicial district of the United States and provides as follows:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>> **(1) following state law** for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> **(2) doing any of the following:**
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

///

---

[2] *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268 (2d Cir. 1971) involved confirming an arbitration award in the Southern District of New York against an "Alaskan corporation with its principal place of business in Hawaii."

**MOTION TO DISMISS UNDER RULE 12**

### a. The Purported Service Of The Process Failed To Comply With Rule 4(e)(1).

Rule 4(e)(1) provides that an individual within a judicial district of

the United States may be served by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is

located or where service is made."

Here, Petitioner Law Firm's purported service of process failed to comply with

either California law or New York law and thus failed to comply with Rule 4(e)(1).

### i. The purported service of the process failed to comply California law.

California law allows the following methods of service:

(A) personal service under California Code of Civil Procedure (C.C.P.) Section 415.20;
(B) residential/business service by leaving documents at dwelling, business, or mailing address with competent person (18+) after three good faith attempts at personal delivery on different days/times under C.C.P. Section 415.20;
(C) sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt under C.C.P. Section 415.40; and
(D) service by publication under C.C.P. Section 415.50.

Here, Petitioner Law Firm's purported service of process failed to comply with

any of the above-enumerated California statutes. First, Dkt. 58 shows that Respondent Li

was not personally served. Second, although Petitioner claims to have served

Respondent Li by substitute-service on a doorman, the claimed substitute service was not

made "after three good faith attempts at personal delivery on different days/times," as

required by C.C.P. Section 415.20; third, the service was not done by "first-class mail,

postage prepaid, requiring a return receipt"; and fourth, the service was not by publication.

In sum, Petitioner Law Firm's purported service of process failed to comply with California law.

### ii. The purported service of the process failed to comply New York law.

New York Laws allows the following methods of service:

(A) delivering the summons within the state to the person to be served; or

(B) delivering the summons within the state to a person of suitable age and discretion at the *actual place* of business, *dwelling place* or usual place of abode of the person to be served *and* by either

mailing the summons to the person to be served at his or her last known residence or

mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; and

(C) delivering the summons within the state to the agent for service of the person to be served as designated under **rule 318**;

(D) affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either

mailing the summons to such person at his or her last known residence or

mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other

6

**MOTION TO DISMISS UNDER RULE 12**

(New York  Civil Practice Law and Rules, Article 3 - Jurisdiction and Service, Appearance and Choice of Court, Section 308 - Personal Service Upon a Natural Person)

CPLR Section 318 requires an agent for accepting service on behalf of another entity be designated "in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon." CPLR Section 318.

Here, Petitioner Law Firm's purported service of process failed to comply with any of the above-enumerated New York statutes.

First, Dkt. 58 shows that Respondent Li was not personally served.

Second, the 333 East 46th Street Apartment was not Respondent Li's "actual … dwelling place," because on January 15, 2025, Petitioner Law Firm attempted service at that location and had already been informed that Respondent Li "no longer resides at the location and have moved out prior to the COVID-19 pandemic." Dkt. 15.  In fact, Respondent Li has not resided at the 333 East 46th Street Apartment since 2007. Li Decl., ¶ 14. Further, regarding whether the 333 East 46th Street Apartment was Respondent Li's "actual … dwelling place" or not, no mailing was performed.

Thid, the purported service on a doorman was also invalid, because the doorman was never designated in writing as Respondent Li's agent of service as required by CPLR Section 318 (an agent for service must be designated "in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon." CPLR Section 318.)

7

**MOTION TO DISMISS UNDER RULE 12**

Fourth, the purported service was not affixed to the door of any actual dwelling of Respondent Li, nor was the process subsequently mailed. Once again, Respondent Li has not resided at the 333 East 46th Street Apartment since 2007. Li Decl., ¶ 14.

In sum, Petitioner Law Firm's purported service of process failed to comply with New York law.

**b.  The Purported Service Of The Process Failed To Comply With Rule 4(e)(2).**

Under Rule 4(e)(2), the service of process may be done as follows:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Petitioner Law Firm's purported service of process failed to comply with Rule 4(e)(2).

First, Dkt. 58 shows that Respondent Li was not personally served.

Second, the 333 East 46th Street Apartment was not Respondent Li's "dwelling or usual place of abode," because on January 15, 2025, Petitioner Law Firm attempted service at that location and had already been informed that Respondent Li "no longer resides at the location and have moved out prior to the COVID-19 pandemic." Dkt. 15.  In fact, Respondent Li has not resided at the 333 East 46th Street Apartment since 2007 (Li

**MOTION TO DISMISS UNDER RULE 12**

Decl., ¶ 14) and Respondent Li began residing in the State of New Jersey since December 2025 (Li Decl., ¶¶ 2-13).

Third, the doorman was not "someone of suitable age and discretion who resides there." The doorman (whose name was supposedly Julio) did not reside with Respondent Li. The doorman was working at the 333 East 46th Street Apartment, where Respondent Li does not reside (Li Decl., ¶ 14). Nor did the doorman have the suitable discretion to accept service on Respondent Li's behalf, because Respondent Li never authorized "any staff working at the 333 E. 46th Street Apartment to accept service of process on [her] behalf, nor ha[s] [Respondent Li] appointed any doorman, porter or superintendent— at 333 E. 46th Street or anywhere else— as [her] agent of service." (Li Decl., ¶ 15).

Fourth, the doorman was not "authorized by appointment or by law to receive service of process" on Respondent Li's behalf. An agent authorized by appointment or law to receive service of process is either (1) expressly named by the party, or (2) has implied authorization to accept service of process on defendant's behalf. *In re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004).

Here, the doorman (whose name was Julio as alleged in Dkt. 58) was not expressly named, nor had implied authorization to accept service of process on Respondent Li's behalf. In fact, Respondent Li has never authorized any staff working at the 333 E. 46th Street Apartment to accept service of process on her behalf, nor has Respondent Li appointed any doorman, porter or superintendent— at 333 E. 46th Street or anywhere

9

**MOTION TO DISMISS UNDER RULE 12**

else— as her agent of service. Li Decl., ¶ 15. Respondent Li never told anyone including a process server, a sheriff deputy, or a deputy marshal to leave court papers with a doorman or any building staff, because doorman and building staff are not authorized to receive service of process on her behalf. Li Decl., ¶ 16. More specifically, Respondent Li did not call or receive any call from any deputy U.S. marshal on or about March 30, 2026. As shown in the phone log around 8:00 am on March 30, 2026, Respondent Li did not have any phone call at all with any deputy U.S. Marshal. Li Decl., ¶ 20. It was thus impossible that Respondent Li expressly named or impliedly authorized the doorman Julio to accept the service of process on her behalf.

In sum, Petitioner Law Firm's purported service of process failed to comply with Rule 4(e)(2).

## V. CONCLUSION

This motion to dismiss under Rule 12 should be granted: Petitioner Law Firm's purported service of process was not effectuated by a U.S. Marshal in accordance with Rule 4, as the *Voltage Pictures* case required, and is thus improper.

Dated: May 13, 2026.                     Respectfully submitted,

_____/s/_____
By:  Zheng "Andy" Liu (SBN: 279327)
Telephone: 650.475-6289
Email: andy.liu@aptumlaw.us
Attorneys for Holly Ying Li

**MOTION TO DISMISS UNDER RULE 12**