UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-02368-JVS-KES                          Date   July 14, 2026

Title   Apogee Law Group P.C. v. Holly Ying Li

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss for Insufficient Service of Process Under Federal Rule of Civil Procedure 12(b)(5)**

Defendant Holly Ying Li ("Li") moves to dismiss on the grounds that Plaintiff Apogee Law Group P.C. ("Apogee") did not sufficiently serve process.  (Mot., Dkt. No. 64.)  Apogee opposed.  (Opp'n, Dkt. No. 65.)  Li did not reply.[1]

For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

Apogee and Li were parties to JAMS Arbitration No. 1200058273.  (First Declaration of Paul Tauger ("First Tauger Decl."), Dkt. No. 1-1, Ex. A.)  On October 31, 2023, the JAMS Arbitrator issued a final award of $99,996.26 against Li.  (First Tauger Decl., Ex. A.)  The arbitrator re-affirmed the final award on November 14, 2023.  (Id., Ex. B.)  On October 30, 2024, Apogee filed this lawsuit requesting that this Court confirm the Final Award and enter judgment in favor of Apogee.  (Petition, Dkt. No. 1, ¶ 27.)

On March 21, 2025, the Clerk entered default against Li.  (Entry of Default, Dkt.

---

[1] The Court notes that the parties failed to meet and confer in accordance with Local Rule 7-3.  See L. R. 7-3.  The Court ordered a corresponding sanction against Li's counsel in part for failing to meet and confer.  (See Minutes of Hearing, Dkt. No. 66.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | | Date | July 14, 2026 |

| | |
|---|---|
| Title | Apogee Law Group P.C. v. Holly Ying Li |

No. 22.)  Li moved to set aside the entry of default.[2]  (Mot. to Set Aside Entry of Default, Dkt. No. 30.)  On June 13, 2025, the Court granted Li's motion to set aside the entry of default on the grounds that Apogee's attempts to serve process on Li were insufficient because it failed to meet the requirements of 9 U.S.C. § 9, the statute governing the service of arbitration awards.  (Order Granting Motion to Set Aside Default ("Order"), Dkt. No. 40); 9 U.S.C. § 9. Li's motion to set aside the entry of default was granted. (Order at 6.)

On March 30, 2026, Apogee again attempted service at Li's New York apartment through the United States Marshal Service.[3]  (United States Marshal Service Process Receipt and Return ("Marshal Process Receipt"), Dkt. No. 57.)  The Marshal Process Receipt is signed and states that the "process [was] left with [the] doorman," Julio Garcia ("Garcia") at 8:00 A.M.  (Id.)  The Marshal Process Receipt also contains a remark stating that the marshal "confirmed with Holly Li that the process could be left with the doorman (Julio) and she will get it from him."  (Id.)

Li asserts she began residing in New Jersey in December 2025, and claims to "have lived and worked almost exclusively in New Jersey since December 2025." (Declaration of Holly Li ("Li Decl."), Dkt. No. 64-1, ¶ 2.)  Thus, she contests the service in New York was improper.  (Mot. at 8.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a Court may dismiss a complaint for insufficient service of process.  See Fed. R. Civ. P. 12(b)(5).  "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital International, Ltd. v. Rudolf Wolff & Co.,

---

[2] The Court acknowledges that a Federal Rule of Civil Procedure 12(b)(5) insufficient service of process defense is waivable under Federal Rule of Civil Procedure 12(h).  Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 12(h).  However, the Court finds that Li's use of insufficient service as an argument in her motion to set aside entry of default was enough to preserve the defense.  (Mot. to Set Aside Entry of Default, Dkt. No. 30.)

[3] Li contends that she has not lived in the New York apartment since 2007 and has no current "leasehold interest in any real property located in the State of New York."  (Li Decl. ¶ 14.)  Apogee contests this representation.  (Opp'n at 7–8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | July 14, 2026 |

| | |
|---|---|
| Title | Apogee Law Group P.C. v. Holly Ying Li |

484 U.S. 97, 104 (1987).  The plaintiff bears the burden of establishing the validity of service.  See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").  "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).

## III. DISCUSSION

Service of arbitration awards is governed by 9 U.S.C. § 6, which provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."  9 U.S.C. § 6 (emphasis added).  The Ninth Circuit suggests that service of a motion to confirm arbitration award is typically governed by Rule 5 of the Federal Rules of Civil Procedure.  Voltage Pictures, LLC v. Gussi, S.A. de C.V., 92 F.4th 815, 826 (9th Cir. 2024) ("In federal district court, Rule 5 generally governs the service of 'written motion[s]' and 'notice[s] . . . .'") (internal citations omitted).  However, 9 U.S.C. § 9 does expressly provide:

> Notice of the application [to confirm an arbitral award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding . . . . If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9 (emphasis added).

At oral argument, Li's counsel belatedly argued that under 9 U.S.C. § 6, the phrase "other process of the court" invokes Federal Rule of Civil Procedure 5(b)(1), requiring that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney . . . ."[4]  Fed. R. Civ. P. 5(b)(1).  However, this argument

---

[4] Li's counsel failed to file a reply and instead made this argument for the first time at oral argument.  Accordingly, the Court ordered a corresponding sanction against Li's counsel.  (See Minutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-02368-JVS-KES                     Date    July 14, 2026

Title       Apogee Law Group P.C. v. Holly Ying Li

ignores the crucial text in 9 U.S.C. § 6 that carves out its applicability where the Federal Arbitration Act "otherwise . . . expressly provide[s]." Here, § 9 expressly provides that "[n]otice of the application [to confirm an arbitral award] shall be served upon the adverse party," and when the adverse party is a "nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9. Accordingly, the Court applies 9 U.S.C. § 9.

The Ninth Circuit interprets the 9 U.S.C. § 9 marshal requirement "as governing who can complete service" and interprets the phrase "'in like manner as other process of the court' . . . as governing the method the marshal may employ to complete it." Voltage Pictures, 92 F.4th at 829. To meet the latter requirement, courts require service be properly effectuated under Federal Rule of Civil Procedure 4(e), the rule governing service on an individual within a judicial district of the United States, not Rule 5. See Voltage Pictures, 92 F.4th at 829 (suggesting that "'in the like manner as other process of court' . . . necessarily refers to the method for serving summons pursuant to Rule 4"); see also Reed & Martin, Inc. V. Westinghouse Elec. Corp., 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service . . . ."); see also EEON Foundation v. Google, Inc., No. 20-1317, 2020 WL 3433128, at *2 (N.D. Cal. June 23, 2020) (applying Rule 4(m) to service of notices of an application to confirm an arbitration award). Although Li's counsel belatedly argued that Voltage Pictures applies Rule 5, the Ninth Circuit applied 9 U.S.C. § 6 and Rule 5 for service of an international arbitration award only "[b]ecause § 9's nonresident service provision does not provide a viable method of service of notice on adverse parties who are not available for service within the United States." Voltage Pictures, 92 F.4th at 831. Here, the reverse is true: 9 U.S.C. § 9 does "provide a viable method of service of notice on adverse parties" who are nonresidents of the district within which the award was made. Id.; 9 U.S.C. § 9.

---

of Hearing, Dkt. No. 66.) Additionally, the Court notes that Li's counsel contradicts himself by arguing that 9 U.S.C. § 6 applies when previously, Li's counsel asserted that 9 U.S.C. § 9 applies. (See Order at 5–6.) Although Li may be judicially estopped from making such an argument, the Court will consider it here to leave no doubt as to its legal conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-02368-JVS-KES                    Date    July 14, 2026

Title    Apogee Law Group P.C. v. Holly Ying Li

Thus, the Court first evaluates Apogee's compliance with the marshal requirement of 9 U.S.C. § 9, then turns to evaluate the satisfaction of Rule 4 in serving Li.

   *A.    Service by Marshal Pursuant to 9 U.S.C. § 9*

The Court must first determine whether the March 30, 2026 service complied with 9 U.S.C. § 9 in regards to who completed the service and where service was effectuated.

As an initial matter, Li does not contest that a U.S. Marshal delivered the documents to Garcia. (See Mot., generally.) "[B]y reading the marshal requirement as governing who can complete service," and considering that Li offers no evidence that the identity of the process server was in fact not a Untied States Marshal, the Court finds that the marshal requirement of 9 U.S.C. § 9 is satisfied. Voltage Pictures, 92 F.4th at 829 (emphasis in original).

However, Li argues that her recent New Jersey residence renders the location of the New York service insufficient. (Mot. at 8.) Apogee responds by arguing that Li was properly served in accordance with 9 U.S.C. § 9 and the Court's prior Order. (Opp'n at 4.) The Court agrees with Apogee, finding that the marshal completed service in a "district within which the adverse party may be found . . . ." 9 U.S.C. § 9 (emphasis added).

In her motion to set aside entry of default, Li asserted that she "reside[s] in New York and ha[s] lived and worked exclusively in New York since 2018. [She] maintain[s] both [her] home and business address in New York." (Prior Declaration of Holly Li, Dkt. No. 30-1, ¶ 2.) Notwithstanding Li's evidence supporting her recent residence in New Jersey, the latest New Jersey Bar registration made known to the Court lists Li's "Employer City" and "Employer State" as New York, New York. (Declaration of Paul Tauger in Support of Opp'n to Li's Motion to Set Aside Entry of Default ("Tauger Decl."), Dkt. No. 33-2, Ex. C.) The most recent New York Bar registration made known to the Court lists Li's business address in New York, New York. (Tauger Decl., Ex. D.) Finally, the Marshal Process Receipt remarks that Li "confirmed . . . that the process could be left with the doorman," who works at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-02368-JVS-KES                    Date    July 14, 2026

Title    Apogee Law Group P.C. v. Holly Ying Li

New York apartment, "and [Li] will get it from him."  (Marshal Process Receipt.) The Court finds that Li has not provided the Court with a strong enough showing that she no longer "<u>may</u> be found" in New York.  9 U.S.C. § 9 (emphasis added).

Because the Court finds that the service was made by a United States Marshal in a district where Li "may be found," Apogee has satisfied the first requirement of 9 U.S.C. § 9. 9 U.S.C. § 9.

   B.    *Service in a Manner Adhering to Federal Rule of Civil Procedure 4(e)(1)*

The next requirement of 9 U.S.C. § 9 is service "in like manner as other process of the court."  9 U.S.C. § 9.  To satisfy this requirement, this Court looks to Federal Rule of Civil Procedure 4(e)(1)(A), which provides that an individual in a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ."  Fed. R. Civ. P. 4(e)(1)(A); <u>See</u> <u>Voltage Pictures</u>, 92 F.4th at 828 (citing <u>Reed & Martin, Inc.</u>, 439F. 2d at 1277 ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service . . . .")).

For most forms of service that are not personal delivery, the applicable state law is California Code of Civil Procedure § 415.20.  In the event that service is not completed "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge," then California Code of Civil Procedure § 416.90 offers an alternative form of acceptable service.  Civ. Proc. Code § 415.20; Civ. Proc. Code § 416.90.  Section 416.90 states that "[a] summons may be served on a person not otherwise specified in this article by delivering a copy . . . to a person authorized by [the Defendant] to receive service of process."  Cal. Civ. Proc. Code § 416.90.

Li argues that the manner of service made by the marshal on March 30, 2026 was insufficient because California Code of Civil Procedure § 415.20 only allows for substitute service "'after three good faith attempts at personal delivery on different days/times,' . . . ."  (Mot. at 5.)  Li appears to cite the version of California Code of Civil Procedure § 415.20 that will become in effect on January 1, 2027.  The present

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | July 14, 2026 |

| | |
|---|---|
| Title | Apogee Law Group P.C. v. Holly Ying Li |

statute contains no language to the effect that three good faith attempts at personal service are required before substitute service can be made.  The Court admonishes Li for misquoting the relevant California Code of Civil Procedure provision.  Apogee argues that the relevant state law for service of process is instead California Code of Civil Procedure § 416.90 because Garcia was "authorized by [the Defendant] to receive service of process."  (Opp'n at 10); Cal. Civ. Proc. Code § 416.90.  The Court agrees with Apogee.

Li claims that she was improperly served because she "never authorized . . . any doorman . . . as [her] agent of service" as required by § 416.90.  (Li Decl., ¶ 15.)  Li offers a redacted phone log of calls from March 30, 2026.  (Id., Ex. D, Dkt. No. 64-1.) "The phone log . . . shows two incoming calls," one at 8:02 A.M. and "the other at 8:16 am [sic] on March 30, 2026."  (Opp'n at 9.)  However, the call log does not provide the identity of the caller and thus cannot reliably support that the marshal never confirmed with Li that the process could be left with Garcia at or around 8:00 A.M., the time of the purported service.  Thus, the Court does not find that Li's declaration and phone log can surmount the "strong and convincing evidence" standard to overcome "a signed return of service" which is "prima facie evidence of valid service."  Internet Solutions for Business, Inc., 509 F.3d at 1163.  Garcia constitutes someone "authorized by [Li] to receive service of process" as required by California Code of Civil Procedure § 416.90, thus complying with the relevant state service of process law in accordance with Federal Rule of Civil Procedure 4(e)(1). Cal. Civ. Proc. Code § 416.90; Fed. R. Civ. P. 4(e)(1).

## IV. CONCLUSION

The March 30, 2026 service completed by the Marshal satisfies 9 U.S.C. § 9 and Federal Rule of Civil Procedure 4.  The service was completed by a United States Marshal and in accordance with Federal Rule of Civil Procedure 4(e)(1) through compliance with relevant state service law.

**IT IS SO ORDERED.**