Zheng "Andy" Liu (SBN: 279327)

1660 S Amphlett Blvd Suite 315

San Mateo, CA 94402

Tel: (650)475-6289

Email: Andy.Liu@AptumLaw.us

*Attorney for Respondent Holly Ying Li*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

APOGEE LAW GROUP P.C., A CALIFORNIA CORPORATION,

Petitioner,

vs.

HOLLY YING LI, INDIVIDUAL,

Respondent.

Case No.: 8:24-cv-02368-JVS-KES

**ANSWER BY RESPONDENT HOLLY YING LI**

## RESPONDENT HOLLY YING LI'S ANSWER TO PETITION

Respondent Holly Ying Li ("Respondent") responds to the Petition and Motion to Confirm Arbitration Award and Enter Final Judgment by Apogee Law Group P.C. ("Petitioner") as follows:

ANSWER BY RESPONDENT HOLLY YING LI - 1

# INTRODUCTION

**1.** This Petition and Motion to Confirm Arbitration Award and Enter Final Judgment ("Petition") seeks confirmation and entry of judgment of a JAMS arbitration award ("Final Award") of $99,996.26 in favor of Apogee Law Group P.C. ("Apogee" or "Petitioner"), and against Holly Ying Li ("Holly Li" or "Respondent"). A true and correct copy of the Final Award is attached. [Tauger Decl., Exh. A].

**RESPONSE: Denied.**

**2.** On November 14, 2023, JAMS arbitrator Honorable Hiro N. Aragaki (Ret.) ("Honorable Aragaki") issued ORDER 19 reaffirming the Final Award. [Tauger Decl., Exh. B].

**RESPONSE: Admit.**

**3.** The dispute was initiated by Judgment Debtor Holly Li with respect to unsupported allegations that she was an employee of Judgment Creditor Apogee and was entitled to payment of a portion of uncollected and unpaid legal fees billed and invoiced by Apogee to its client.

**RESPONSE: Denied.**

**4.** Apogee counterclaimed alleging conversion and theft of funds belonging to Apogee when Holly Li directed Apogee's client to pay invoices generated by her personal consulting company.

**RESPONSE: Admit.**

**5.** After a full evidentiary hearing on the merits by Honorable Aragaki (Ret.) ("Honorable Aragaki") at JAMS, a Final Award was issued on October 31, 2023. During the arbitration process, both Apogee and Holly Li fully participated in the arbitration process.

**RESPONSE: Denied.**

**6.** By this Petition, Apogee seeks an order: (1) confirming the Final Award, and (2) entry of judgment against Holly Li for $99,996.26, plus costs and interest pursuant to the statutory post award interest rate of ten (10%) percent since the date of the Final Award on October 31, 2023.

**RESPONSE: Respondent denies this paragraph as a legal conclusion.**

## THE PARTIES

**7.** Apogee is a small law firm that had an office and principal place of business in Irvine, California that has successfully litigated and arbitrated a wide variety of commercial and intellectual property cases. Apogee stopped servicing clients and practicing law in 2019, and only remains in existence to collect past due amounts from clients and money owed by Holly Li.

**RESPONSE: Denied.**

**8.** Holly Li was a 1099 attorney engaged by Apogee and was affiliated with Apogee from May 24, 2016, until June 19, 2017, when she was terminated.

ANSWER BY RESPONDENT HOLLY YING LI - 3

**RESPONSE: Denied.**

**9.** Upon information and belief, Holly Li is a resident of New York, but has lived in Connecticut and Hong Kong.

**RESPONSE: Denied.**

**10.** On information and belief, Holly Li is currently licensed to practice in the states of New York and New Jersey and with the U.S. Patent & Trademark Office. At various times during the arbitration, she represented herself pro se, but was also represented by counsel.

**RESPONSE: Admit.**

## JURISDICTION AND VENUE

**11.** This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and because the parties agreed to Orange County, California as the jurisdiction to resolve any and all disputes between the parties and the JAMS arbitration proceeding occurred in Orange County, California. Tauger Decl., Exhibit C, Page 7, Section IX(ii), Page 8, Section XI.

**RESPONSE: Denied.**

**12.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

ANSWER BY RESPONDENT HOLLY YING LI - 4

**RESPONSE: Denied.**

**13.** Venue is proper in the U.S District Court, Southern Division of the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because the parties agreed to personal jurisdiction in Orange County and agreed to waive any objections as to venue in the "state and federal courts for Orange County, California." [Tauger Decl., Exh. C, Page 7, Section IX(ii)].

**RESPONSE: Denied.**

## AGREEMENT TO ARBITRATE

**14.** On May 24, 2016, Apogee and Cathy Trading entered into an agreement pursuant to which Holly Li worked for Apogee. During her time working for Apogee, Holly Li operated out of her own office in Hong Kong, China.

**RESPONSE: Denied.**

**15.** The agreement to arbitrate appears in the Offer Letter, executed by both parties. The agreement to arbitrate, as well as a stipulation to choice of laws, jurisdiction and venue, states as follows:

IX. ARBITRATION OF DISPUTES.

If a dispute arises out of or relating to any aspect of this Agreement between the Company and the Firm, or any breach, and if the dispute cannot be settled through

negotiation, the Firm and the Company agree to:

(i). Mediation.

. . . .

(ii). Arbitration.

To discuss the use of arbitration as a way to resolve any dispute arising out of or relating to this Agreement, or a claimed breach of this Agreement, or any other disagreement of any nature or description. If arbitration is selected, the parties shall use JAMS, Inc.'s center located in Orange County, California before one (1) arbitrator. The Firm and the Company consent to subject matter and personal jurisdiction in Orange County, California and waive any and all objections as to venue. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. Judgment on any arbitration award may be entered into a judgement in any court having jurisdiction over the Parties. This Section shall not preclude the Parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction should a Party fail to participate in the arbitration process. [Tauger Decl., Exh. C, page 7, Section IX(ii).]

    **RESPONSE: Denied.**

**THE ARBITRATION**

**16.** On March 26, 2021, Holly Li initiated a JAMS arbitration against Apogee seeking to be classified as an employee instead of the 1099 consultant set forth in her offer letter, and to demand payment of her share of unpaid, past-due invoices that were billed to Apogee clients. Apogee filed a counter-demand, claiming damages for conversion resulting from Holly Li having issued to Apogee client fraudulent invoices that directed the client to send payment for Apogee legal services provided to Holly Li's personal consulting company.

**RESPONSE: Admit.**

**17.** On June 10, 2021, Apogee and Holly Li mutually agreed to have JAMS arbitrator Honorable Hiro N. Aragaki (Ret.) ("Honorable Aragaki") arbitrate the dispute and JAMS issued its Appointment of Arbitrator. [Tauger Decl., Exh. D].

**RESPONSE: Admit.**

**18.** On October 31, 2023, Arbitrator Aragaki issued a 23-page Final Award finding against Holly Li on all claims and in favor of Apogee for the monies Holly Li unlawfully converted, as well as Apogee's unpaid fees and prejudgment interest in the amount of $99,996.26. All parties were served with the Final Award by email by JAMS.

**RESPONSE: Admit.**

**19.** The Final Award that provided a detailed description of the procedural history of the arbitration which included a full evidentiary hearing on the merits, and an

ANSWER BY RESPONDENT HOLLY YING LI - 7

analysis of the competing claims of the parties including factual findings, concluding:

For the foregoing reasons, Claimant has failed to establish by a preponderance of the evidence any of her claims against Respondent. Respondent has established by a preponderance of the evidence its counterclaims for breach of contract and conversion and is entitled to $24,898 in damages. Respondent is also entitled to $17,118.20 in prejudgment interest on this sum. JAMS has adopted the Arbitrator's recommendation that the Employment Minimum Standards do not apply in this case. The Arbitrator has furthermore shifted all costs of the Arbitration, in the amount of $57,980.06, to Claimant as a sanction. [Tauger Decl., Exh. A, page 23].

**RESPONSE: Denied.**

**20.** On November 7, 2023, after the Final Award in this matter was issued, Holly Li filed a request to correct certain "errors" in the Final Award pursuant to Rules 24 and 31 of the JAMS Employment Arbitration Rules and Procedures. Holly Li's request was denied by the arbitrator on November 13, 2023, in Order 19, which stated, inter alia,

Claimant has failed to identify any "computational, typographical, or other similar error" in the Award. Instead, her request is in the nature of a motion for reconsideration of claimed substantive errors - errors allegedly made by the Arbitrator in adjudicating Respondent and Counter-claimant's damages and request for sanctions.

ANSWER BY RESPONDENT HOLLY YING LI - 8

This is yet another example of the type of conduct that resulted in the Arbitrator shifting, under Rule 24(f), fees and costs to Claimant in the first place. For these and other reasons explained in Respondent's submission, Claimant's request is DENIED.

Interest on the Final Award continues to run from the date thereof, and is unaffected by Claimant's request or this Order. Exhibit D to the Tauger Decl., page 2 (Emphasis added).

**RESPONSE: Admit.**

**21.** Accordingly, the valid JAMS arbitration has resulted in, not only an enforceable Final Award, but a rejected challenge by Holly Li, and a reaffirmation of the Final Award by the arbitrator.

**RESPONSE: Denied.**

## PETITION FOR CONFIRMATION OF THE AWARD

**22.** Section 9 of United States Code Title 9 (the Federal Arbitration Act) ("FAA") provides in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon

ANSWER BY RESPONDENT HOLLY YING LI - 9

the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. §9. Act July 30, 1947.

**RESPONSE: Admit.**

**23.** More than three (3) months have elapsed since the award was issued, thus Holly Ying Li is precluded from filing any application to vacate, modify or correct the arbitration award pursuant to 9 U.S.C. § 12.

**RESPONSE: Denied.**

**24.** This Petition is made within one (1) year of the date that the Final Award was issued.

**RESPONSE: Admit.**

**25.** The Final Award has not been vacated, modified, or corrected.

**RESPONSE: Admit.**

**26.** The Engagement Agreement expressly provided that "Judgment on any arbitration award may be entered by any court of competent jurisdiction." [Tauger Decl., Exh. C, Page 7, Section IX(ii)]. Furthermore, the arbitration giving rise to the Final Award occurred in this District. [Exhs. A and B].

**RESPONSE: Denied.**

## REQUEST FOR RELIEF

27. Apogee therefore respectfully requests that this Court issue an Order confirming the Final Award and enter judgment in favor of Apogee and against Holly Ying Li in the amount of $99,996.26; plus post-judgment interest pursuant to the Engagement Agreement of ten (10%) per cent per annum [Tauger Decl., Exh. A, Page 23, Section FINAL AWARD] since the date of the Final Award date of October 31, 2023; attorneys' fees and costs related to enforcement of this judgement in this Court; and any such further relief as the Court deems just and proper under the circumstances.

**RESPONSE: Respondent denies this paragraph as a legal conclusion.**

## AFFIRMATIVE DEFENSES

### THE FIRST AFFIRMATIVE DEFENSE

The award was procured by corruption, fraud, or undue means.

### THE SECOND AFFIRMATIVE DEFENSE

There was evident partiality or corruption in the arbitrators, or either of them.

### THE THIRD AFFIRMATIVE DEFENSE

The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

## THE FOURTH AFFIRMATIVE DEFENSE

The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

## THE FIFTH AFFIRMATIVE DEFENSE

The parties were incapacitated or the agreement invalid under applicable law.

## THE SIXTH AFFIRMATIVE DEFENSE

The party against whom the arbitration was awarded did not have notice of the arbitrator or arbitration, or was denied the opportunity to present a case.

## THE SEVENTH AFFIRMATIVE DEFENSE

The award went beyond the matters submitted to the arbitrator or the scope of the arbitration.

## THE EIGHTH AFFIRMATIVE DEFENSE

The composition of the arbitral authority or arbitral procedures were not in accordance with the arbitral agreement.

## THE NINTH AFFIRMATIVE DEFENSE

The award is not yet binding, or has been set aside or suspended by a competent authority.

## THE TENTH AFFIRMATIVE DEFENSE

The subject matter is not capable of settlement by arbitration under the applicable law.

ANSWER BY RESPONDENT HOLLY YING LI - 12

**THE ELEVENTH AFFIRMATIVE DEFENSE**

Recognition or enforcement of the award would be contrary to public policy.

**DEMAND FOR JURY TRIAL**

Holly Ying Li demands a jury trial on all issues so triable.

Dated: August 3, 2026

_Zheng Liu_

_____

Zheng "Andy" Liu (SBN: 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Respondent Holly Ying Li*

ANSWER BY RESPONDENT HOLLY YING LI - 13