Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| APOGEE LAW GROUP P.C., a California corporation,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>HOLLY YING LI, an individual,<br><br>Defendant/Respondent. | **CASE NO: 8:24-cv-02368-JVS-KES**<br><br>**JAMS ARBITRATION NO: 1200058273**<br><br>***UNILATERAL*** **REPORT PURSANT TO FED. R. CIV. P. 26(f); ATTACHMEN A**<br><br>Before the Honorable JAMES V. SELNA |

## I. Introduction

On October 25, 2026. Counsel for Plaintiff/Petitioner APOGEE LAW GROUP P.C. ("Apogee" or "Plaintiff/Petitioner") Paul N. Tauger, telephoned Zheng Liu, counsel for Defendant/Respondent HOLLY YING LI ("Li" or "Defendant/Respondent"), for what should have been a simple *pro forma* conference of counsel pursuant to Fed. R. Civ. P. 26(f). However, the conference could not be completed because Mr. Liu, when asked to provide the "nature and basis of [Li's] claims and defenses" (FRCP 26(f)(2)) first refused to do so, claiming repeatedly,"that's what discovery was for." Mr. Tauger directed Mr. Liu to the above-referenced paragraph, and even read it to him verbatim. Mr. Tauger tried to explain that, as Li's Answer pled fraud, Apogee was entitled to know the basis of that allegation. Mr. Liu launched into what can only be described as a completely unprofessional tirade that lasted over two minutes and consisted of him shouting, "Where does Holly Li live in New York?" over and over again. Mr. Tauger attempted to interrupt saying, "Fine . . . let's just move on." Mr. Liu finally stopped shouting at Mr. Tauger, and agreed to do so. Mr. Tauger then told Mr. Liu if he continued carrying on in this fashion, without allowing Mr. Tauger to speak, he would hang-up and file the Rule 26(f) report unilaterally.

Mr. Tauger told Mr. Liu that, pursuant to Paragraph 2 of Rule 26, they must discuss, "the possibilities for promptly settling or resolving the case." Mr. Liu had

made a settlement offer at the beginning of the call. In response to that offer, Mr. Tauger had stated that he would communicate the offer to his client but he was quite certain that it would be rejected out of hand. Accordingly, Mr. Tauger told Mr. Liu that, as Ms. Li's settlement position hadn't changed, it was clear that there was no possibility of "promptly settling or resolving the case." This provoked another minutes-long, unprofessional continuous tirade by Mr. Liu, in which he screamed, "I just made a settlement offer! I just made a settlement offer!" repeated. Mr. Tauger attempted to interrupt to explain that Mr. Liu had only become involved in this dispute after Apogee had moved to enforce its arbitration award and Li's current "offer" was unchanged and identical to what she had been offering when she filed her arbitration demand years ago. Despite Mr. Tauger's best efforts to interrupt Mr. Liu's tirade, he was unsuccessful. Mr. Tauger then repeated that, if Mr. Liu persisted, he would hang up. Mr. Liu did not, and Mr. Tauger terminated the call.

Apogee respectfully requests that the Court note this is <u>not</u> the first time Mr. Tauger was forced to hang up on Mr. Liu for this reason.

## II. Apogee's (26)(f)(3) Proposed Discovery Plan

(A) Apogee does not require any changes to the timing, form, or requirement for initial disclosures pursuant to Rule 26(A). Apogee notes

that, because this is an action to enforce an arbitration aware, initial disclosures are not required pursuant to Rule 26(B)(ix).

(B) Apogee will need discovery on the following topics:

a. Assets and business interests of Li
b. Addresses used by Li
c. Evasion of service of process by Li
d. The source of payments to Li's counsel
e. Addresses of Li known to Li's counsel.
f. Addresses of Li known to her employer(s)
g. Financial information pertaining to Li known to her employer(s).

(C) Apogee is unaware of any issues regarding disclosure, discovery, or preservation of electronically store information, except as identified in (D), *infra.*

(D) Apogee plans to depose Li's counsel. Mr. Liu sent an email to Apogee's counsel claiming that such deposition is "inappropriate" and he plans a Motion to Quash.

(E) As of this filing, Apogee is not requesting any changes to the limitations on discovery under the Federal Rules.

///

///

### III. Other Issues

Counsel for Li is under the impression that Li is entitled to a trial before a jury. Li is entitled to neither. 9 U.S.C. § 6 provides: ”Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . .” [emphasis added] No lesser authority than the United States Supreme Court has confirmed that an application to enforce an arbitration is heard as a motion, and not a trial. *See, Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008) (“The [Federal Arbitration] Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. An application for any of these orders will get streamlined treatment as a motion.”

Apogee also intends to file a Motion for Leave to Amend to include post-award interest accrued after its Application was filed, and to include costs of collection incurred while enforcing its award.

Respectfully submitted,

Date: October 28, 2026

Paul N. Tauger
ADDYHART LLC
5151 California Street, Suite 100
Irvine, California 92617

*Attorneys for Plaintiff/Petitioner Apogee Law Group P.C.*

I swear under penalty of perjury pursuant to the laws of the State of California and of the United States of America that the facts averred herein are true and correct. Executed this 28th day of October, 2026, at Newport Beach California.



Paul N. Tauger

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert speciific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court)<br>Estimated length: 0 days | 8:30 a.m. (Tuesdays) | | N/A | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | N/A | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | N/A | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | N/A | | |
| Last day for hand-serving Motions in Limine | | -6 | N/A | | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | N/A | | |
| Last day for hand-serving motions and filing (other than Motions in Limine). Please note extended notice requirements for motions for summary judgment under F.R.Civ. P. 56(c). | | -11 | N/A | | |
| Non-expert Discovery cut-off | | -15 | 1/5/27 | | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

**L.R. 16-14 Settlement Choice: (1) CT/USMJ (2) Atty (3) Outside ADR**

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | N/A | | |
| Rebuttal Expert Witness Disclosure | | | N/A | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | N/A | | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

# EXHIBIT A