Zheng "Andy" Liu (SBN: 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Respondent Holly Ying Li*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

APOGEE LAW GROUP P.C., A CALIFORNIA CORPORATION,

Petitioner,

vs.

HOLLY YING LI, INDIVIDUAL,

Respondent.

Case No.: 8:24-cv-02368-JVS-KES

**RESPONSE TO ORDER TO SHOW CAUSE**

## RESPONSE TO ORDER TO SHOW CAUSE

### I. Summary

The Order to Show Cause should be discharged, because there is no basis to sanction Defense Counsel.

During the 26(f) meet and confer, Petitioner's Counsel Mr. Paul Tauger engaged in a hostile deposition-like questioning against Defense Counsel. At one point, Mr. Tauger says he will depose the undersigned to prove that Respondent Li's affirmative defense lack merit. No reasonable attorneys depose opposing counsel in an ongoing case.

When asked to justify his ultra-confrontational style and reconcile various inconsistent statements of his own, Mr. Tauger became angry and hung up the call.

After the call, when the undersigned asked Mr. Tauger to forward a draft joint case management statement so that Respondent Li can fill in her portions, Mr. Tauger abruptly filed a unilateral case management statement falsely accusing the undersigned of refusing to cooperate. Mr. Tauger's conduct is not up to the standard required of attorneys practicing in this District and should be admonished for making false accusations against opposing counsel with the Court.

///

///

## II. Background

There is an old adage among lawyers that says, "If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table."

Mr. Tauger pounds sanction motions when he does not get what he wants from his opposing party. As background in this petition to confirm arbitration award case, while arbitrating the underlying dispute, Mr. Tauger sought sanctions a few times against Respondent Li. In this case, Mr. Tauger has similarly sought sanctions, discovery and non-discovery ones, against Respondent Li and the undersigned. Dkt. 26, 41, 42.

If history is any indication, Mr. Tauger seeks sanction whenever he becomes frustrated, and much of Mr. Tauger frustration results from his lack of knowledge about federal litigation. First, Mr. Tauger did not know how to open this case as an attorney, and he duplicated this case under the case number 8:23-cv-02460. Second, Mr. Tauger did not know about the *Voltage* case decided by the Ninth Circuit and resulted in a year-long delay in serving Respondent Li. Third, Mr. Tauger did not know that he cannot depose Respondent Li before a 26(f) conference. Fourth, Mr. Tauger did not know that he cannot depose Respondent Li, without a subpoena, before she was in default. Dkt. 42.

Faced with all these unknowns, Mr. Tauger always lashed out. When Respondent Li refused to be deposed while in default without a subpoena, Mr. Tauger sought sanctions, and the Magistrate Judge called Mr. Tauger out for not knowing the rule. Dkt. 42. When it was revealed that Mr. Tauger did not know about the *Voltage* case decided by the Ninth Circuit, Mr. Tauger moved to reconsider based on obsolete JAMS rules. Most recently, when confronted about the authorities for deposing the undersigned as a witness in this case, Mr. Tauger fired away a series of false accusations against the undersigned, resulting in the instant OSC.

In sum, Mr. Tauger has a pattern of lashing out when he lacked justification for he demanded.

**III. Mr. Tauger's Unprofessional Behaviors During A Prior Meet And Confer.**

As a little backgrounded, Mr. Tauger has always insisted that Respondent Li had no defense in this case. The undersigned respects Mr. Tauger's opinion, but the way Mr. Tauger goes about it was mostly unprofessional and frankly reprehensible at times.

Most recently, after Respondent Li filed her answer on August 3, 2026, Mr. Tauger immediately claimed that Respondent Li's Answer sought to delay the process and sought to have Respondent Li's Answer stricken. (Exhibit A.)

To this end, Mr. Tauger demanded to meet and confer with the undersigned regarding his threatened motion to strike answer and affirmative defense. During the

meet and confer call, Mr. Tauger once against accused Respondent Li of filing what he believe affirmative defenses that lack factual basis. Mr. Tauger argued that Respondent must state all relevant facts supporting her affirmative defense in the Answer. The undersigned responded that there is no Ninth Circuit authority holding that Rule 8 applies to an Answer; Respondent Li's answer thus does not have to described a lot of facts as a Complaint does under *Twombly* /*Iqbal*.

After forcing Respondent Li to spend a significant amount of resources on meeting and conferring about his threaten motion to strike answer and affirmative defense, Mr. Tauger never filed any motion to strike.

**IV. Mr. Tauger's Unprofessional Behaviors During The 26(F) Conference.**

Fast forward to the 26(f) conference, on September 25, 2026, Mr. Tauger called the undersigned to conduct the 26(f) conference. The conference was amicable at first, but quickly became hostile toward the undersigned.

Mr. Tauger became frustrated when he proposed a one-month discovery period, while the undersigned asked for six to nine months. Mr. Tauger asked the undersigned why he needed six to nine months. The undersigned explained that such is normal for federal court ligation, and a one-month fact discovery as Mr. Tauger proposed was unheard of. Because it does not even allow any motion to compel discovery.

Mr. Tauger responded that the only discovery he needed was to depose the undersigned, because he believed the undersigned violated Rule 11 for drafting

Respondent Li's affirmative defenses. The undersigned responded that he disagreed with Mr. Tauger's assessment. Mr. Tauger then demanded the undersigned to state "all facts" supporting each of Respondent Li's affirmative defense. The undersigned responded that a 26(f) conference is not a deposition of the opposing counsel and that Mr. Tauger made similar accusations before in his threatened motion to strike, but he never followed up with the threatened motion, showing that Mr. Tauger was not interested in the facts he claiming to be seeking but to purely harass Respondent Li. The undersigned stated that the facts Mr. Tauger seeks in this 26(f) conference should be done in fact discovery, but it was also counterintuitive that Mr. Tauger insisted on a one-month fact discovery schedule.

Mr. Tauger then responded that he was sick and thus was unable to file the threatened motion to strike. When asked about whether he has any proof of this claimed sickness, Mr. Tauger became irate and moved on to the remaining topics of the 26(f) case schedule.

This is where Mr. Tauger became angry and hung up. When discussing the portions about whether the parties have exchanged settlement offers, Mr. Tauger opined that Respondent Li has never mad any offer and intended solely to delay the process. The undersigned responded that Mr. Tauger was simply incorrect. The undersigned has made at least one offer at the June 8, 2025 motion hearing. Back then, at the Courthouse, Mr. Tauger agreed to talk to his client about this offer and respond

in due time, but never did. The undersigned suggested that Mr. Tauger state things accurately in the joint 26(f) statement.

Mr. Tauger then began rising his voice, claiming that the undersigned was challenging his integrity without basis. The undersigned responded that Mr. Tauger has a history of claiming to do things that he never did. For example, his threatened motion to strike. Mr. Tauger wasted Respondent Li at least one thousand dollars attorney's fees meeting and conferring about a motion that he never intended to file, but only to claim sickness afterwards.

Mr. Tauger then shouted that the undersigned was in the wrong to question his such private matter as sickness and abruptly hung up. But Mr. Tauger was the one who claimed sickness to defend his wasteful motion to strike.

After the 26(f) conference, the undersigned specifically asked Mr. Tauger to send a draft joint statement so that Respondent Li can finish her portion as follows:

> Good afternoon Mr. Paul Tauger,
>
> ...
>
> First, you asked my office to spend significant amount of resources to meet and confer with you regarding a motion to strike you said you were filing. After a lengthy meet and confer, you filed nothing. This morning, you claimed that you were ill, But when I asked you the time and specific of your claimed illness, you refused to answer. While seeking medical treatment might be a personal matter, you mentioned this issue as an excuse for your failure to file appropriate pleading. There was thus nothing inappropriate for us to ask

about your claimed illness--which you still have not clarified. Your claimed illness is false.

Second, you demanded to depose me as part of this case's fact discovery process. This is simply inappropriate, and you know it. As a senior attorney, you should know better. Please refrain from relying on such gimmicks.

**Please send me the draft 26(f) conference statement as soon as you finish.**

Have a nice weekend.

(Exhibit B.)

Instead, Mr. Tauger filed away a unilateral statement along with false accusations that the undersigned refused to participate because the undersigned was desperate about a settlement offer.

The undersigned declares under penalty of perjury under the laws of the United States of America that the statements he made in this paper are true and correct.

**V. Conclusion.**

It is understandable that the Court was concerned about what transpired during the 26(f) conference—given Mr. Paul Tauger' rushed, one-sided, false accusations against the undersigned. As explained above, however, the undersign did nothing wrong and should thus not be sanctions. There is no basis.

It is Mr. Tauger's false accusations that are concerning. Basically, Mr. Tauger becomes frustrated every time he believes Respondent Li is defending her case vigorously. Because in Mr. Tauger's personal opinion, Respondent Li should do nothing other than allowing a judgment to be entered against her. Whenever Mr.

Tauger becomes frustrated, Mr. Tauger will file a sanction motion or the like to push the opposing counsel for defending his client's interest. Mr. Tauger should be discouraged from such unfair litigation tactics.

The bottom line is Mr. Tauger is in the wrong for (1) threatening to depose opposing counsel in this case, (2) insisting on a patently unreasonable one-month fact discovery period, and (3) making false accusations against the undersigned.

Mr. Tauger should win his case fair and square, not through such underhanded "tactics."

Dated: October 13, 2026

Respectfully submitted,

/s/

Zheng "Andy" Liu (SBN: 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Respondent Holly Ying Li*

# EXHIBIT A

Gmail

Andy Liu <bjliuzheng@gmail.com>

## Meet-and-Confer Availability

**Liu, Zheng** <bjliuzheng@gmail.com> Tue, Aug 11, 2026 at 2:59 PM
To: Paul Tauger <ptauger@addyhart.com>

Paul,

Re hearing dates, can you please notice your potential motion to strike around the 1st week of October if possible?.

I have a jury trial in the third week of October.

On Tue, Aug 11, 2026 at 2:46 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:

> Paul,
>
> Nice talking to you just now. Please send me the two Ninth Circuit cases you mentioned during the case so that I can check on my end.
>
> On Tue, Aug 11, 2026 at 1:55 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
>
>> ok
>>
>> On Tue, Aug 11, 2026 at 1:38 PM Paul Tauger <ptauger@addyhart.com> wrote:
>>
>>> I'm running a little late. Can we begin at 2:30?
>>>
>>> ---
>>>
>>> **From:** Liu, Zheng <bjliuzheng@gmail.com>
>>> **Sent:** Thursday, August 6, 2026 11:47 AM
>>> **To:** Paul Tauger <ptauger@addyhart.com>
>>> **Subject:** Re: Meet-and-Confer Availability
>>>
>>> 2/3pm?
>>>
>>> Sent from Gmail Mobile
>>>
>>> On Thu, Aug 6, 2026 at 11:42 Paul Tauger <ptauger@addyhart.com> wrote:
>>>
>>>> Does Tuesday afternoon work for you?
>>>>
>>>> ---
>>>>
>>>> **From:** Liu, Zheng <bjliuzheng@gmail.com>
>>>> **Sent:** Monday, August 3, 2026 7:37 PM
>>>> **To:** Paul Tauger <ptauger@addyhart.com>
>>>> **Cc:** Andy Liu <andy.liu@aptumlaw.us>; Robert Hart <robert@addyhart.com>
>>>> **Subject:** Re: Meet-and-Confer Availability
>>>>
>>>> I am available early next week, Paul.

On Mon, Aug 3, 2026 at 3:20 PM Paul Tauger <ptauger@addyhart.com> wrote:

Dear Mr. Liu:

Please advise as to your availability for a meet-and-confer regarding Apogee's proposed Motion to Strike.

Regards,

ADDYHART

**Paul N. Tauger**

Senior Counsel

Irvine, California

+1 949.438.3218 direct

+1 310.570.6818 mobile

www.addyhart.com

**CONFIDENTIALITY NOTICE:** This message is being sent by or on behalf of a lawyer. It is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, copy, retain or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail and discard any paper copies of this message.

# EXHIBIT B

Gmail **Andy Liu <bjliuzheng@gmail.com>**

## Mr. Paul Tauger's unprofessional conduct at the Rule 26(f) conference

**Liu, Zheng** <bjliuzheng@gmail.com> Fri, Sep 25, 2026 at 1:54 PM
To: Paul Tauger <ptauger@addyhart.com>
Cc: Andy Liu <andy.liu@aptumlaw.us>, Robert Hart <robert@addyhart.com>

Good afternoon Mr. Paul Tauger,

Your generic, false accusations are denied because they lack any factual basis. To the contrary, your misbehaviors during the conference are inexcusable.

First, you asked my office to spend significant amount of resources to meet and confer with you regarding a motion to strike you said you were filing. After a lengthy meet and confer, you filed nothing. This morning, you claimed that you were ill, But when I asked you the time and specific of your claimed illness, you refused to answer. While seeking medical treatment might be a personal matter, you mentioned this issue as an excuse for your failure to file appropriate pleading. There was thus nothing inappropriate for us to ask about your claimed illness--which you still have not clarified. Your claimed illness is false.

Second, you demanded to depose me as part of this case's fact discovery process. This is simply inappropriate, and you know it. As a senior attorney, you should know better. Please refrain from relying on such gimmicks.

Please send me the draft 26(f) conference statement as soon as you finish.

Have a nice weekend.



Zheng “Andy” Liu
Attorney / **Aptum Law**
**A:** 1660 South Amphlett Blvd., Suite 315, San Mateo, CA 94402
**P:** (650) 475-6289
**E:** Andy.Liu@aptumlaw.us **W:** www.aptumlaw.us