Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

APOGEE LAW GROUP P.C., a California corporation,

Plaintiff/Petitioner,

v.

HOLLY YING LI, an individual,

Defendant/Respondent.

**CASE NO: 8:24-cv-02368-JVS-KES**

**JAMS ARBITRATION NO: 1200058273**

**DECLARTION OF PAUL N. TAUGER IN RESPONSE TO RESPONSE TO OSC RE: SANCTIONS FILED BY ATTORNEY ZHENG LIU**

Before the Honorable
JAMES V. SELNA

I, Paul N. Tauger, declare as follows:

1. I am an attorney, licensed to practice before all of the federal and state courts of State of California, the 9th and 11th Circuit Courts of Appeal and the United States Supreme. I am counsel of record for Plaintiff/Petitioner APOGEE LAW GROUP, P.C. (hereafter, "Apogee" or "Plaintiff"). I am rated Martindale 5.0 out 5, and have been since I was first eligible for a Martindale ratin. I have personal knowledge of the facts averred herein and, if called upon to do so, would and could testify to the truth thereof.
2. As universal standards of professional conduct preclude using stronger language, I will therefore rely on the common legal euphemism: Attorney Zheng Liu's Response to Order to Show Cause is utterly and completely "disingenuous."

**Mr. Liu's Misrepresentations Regarding the Conference Call**

3. As noted in Apogee's unilateral 26(f) statement, I called Mr. Liu on September 25, 2026, to conduct the parties' Rule 26(f) conference. I began our call by apologizing to Mr. Liu for not calling sooner because I had a fairly serious heart condition that required a number of hospital and doctor

visits, but was now well and could "devote my full attention" to the case. Mr. Liu said he was glad I was better, and I thanked him.[1]

4. At no time during our conversation was I "hostile," nor did I ever raise my voice.

5. I told Mr. Liu that his demand for a jury trial was ill-taken. I read 9 USC § 6, verbatim, which states: "9 U.S. Code § 6 - Application heard as motion: Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." I also provided a confirming cite to *Morgan v. Sundance, Inc.*, (2022) 596 U.S. 411, 419. Mr. Liu, still civil, said something to the effect that he disagreed. I said, we'll let the Court decide and we should move on to the subject matter of the conference.

/ / /

/ / /

---

[1] For the record, I was diagnosed earlier this year with obstructive hypertrophic cardio myopathy. In June, on the referral of my cardiologist, I was admitted to a program at UCI Medical using a relatively new drug called Camzyos (mavacamten) and began treatment in July. Camzyos resolves HCM obstructions by weakening heart contractions and allowing more blood to flow. Dosages are critical because Camzyos can cause heart failure. Treatment requires monthly echocardiograms, a cardiac MRI, and careful blood chemistry monitoring. Though I still have one more echocardiogram to complete this week, my test results have been good, the obstruction has resolved, and I am cleared to continue on the medication. Needless to say, if the Court requires I provide proof in this regard, I'll be happy to file my treatment records under seal. I trust that all of this, which is none of his business, will satisfy Mr. Liu's "curiosity."

6. I began by stating that, pursuant to Fed.R.Civ.P. 26 (1)(B)(xi) there were no initial disclosures needed. Mr. Liu asked, "Where does it say that?" I read him the applicable sub-section of the statute.

7. In our discussion regarding discovery scheduling I stated that I wanted two months for written discovery followed by one month of depositions. I said that I anticipated deposing Mr. Liu's client, her current employer, and Mr. Liu. This was the first time during this conference that Mr. Liu launched into a tirade, repeatedly shouting that I couldn't depose him and that I was "unprofessional" to try. I'd note that Mr. Liu's Response to OSC repeats this accusation. Mr. Liu is, of course, incorrect. His deposition can and will be taken because he has relevant, unprivileged information going to his client's addresses and payments to counsel. *See, e.g.*, *Global v. Todd Reed*, 2020 U.S. Dist. LEXIS 259030, *5 -7. Mr. Liu's tirade finally abated enough so that I was able to interject, "We'll Judge Selna decide . . . let's move on." Mr. Liu stated, without explanation, that he required 9 months for fact discovery. At that point in our call, I still anticipated completing our conference and preparing a joint statement for filing. I replied, "Okay, Judge Selna uses a form that must be attached as Exhibit A to the joint statement that has columns for each party's response. We'll each indicate our preference and Judge Selna will decide.

8. I then told Mr. Liu that, pursuant to the statute, we must consider the nature and basis of our respective claims and defenses. I said that the basis of our claim was clearly stated in our application to enforce the arbitration award. I then said that Li's answer alleges fraud as an affirmative defense, but states no factual bases to support it. Mr. Liu then stated, "That's what discovery is for." I said Rule 11 requires that you make a good-faith investigation into the facts and the law underlying any pleading filed with the court. I then stated we have a right, pursuant to Rule 26(f), to know the factual bases for the fraud allegation. Mr. Liu launched into yet another tirade, repeating shouting, "You know them! You know them!" He then started shouting, "Where does she live? Where does she live?" I tried to interject that Judge Selna has already addressed the adequacy of our response, but was unable to because of his rant.

9. In his Response to OSC, Mr. Liu alludes to *Twombly* and *Iqbal* for the proposition that, "Li's answer thus does not have to described [sic] a lot of facts as a Complaint does . . ." Mr. Liu is, again, wrong as a matter of fact as well as law. First, Mr. Liu's answer recited *no* facts supporting Li's affirmative defenses. Second, "In accordance with Rule 9(b), allegations of fraud "must identify the who, what, when, where, and how of the

misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011). After *Iqbal,* a pleading of fraud or mistake must also plead plausible allegations. *Dizon v. Fargo,* 2012 U.S. Dist. LEXIS 176270, 6-7. Finally, Mr. Liu appears to be alluding to a failure of service by the U.S. Marshals. That question has already been decided as a matter of law by this Court.

10. Regardless, after a lull in Mr. Liu's tirade, which concluded a reference to my "heart attack," I stated that, "I never said I had heart attack." Mr. Liu said something to the effect of, "Well, what was it?" I replied, "It's none of your business." I did <u>not</u> hang up on him at this point. Instead, I repeated my admonishment that, if he continued in this fashion, I would terminate the call. Instead, I suggested that we move on. I indicated that I believed settlement was impossible. I started to say, "Ms. Li has made no new settlement offer . . ." but before I could finish my statement Mr. Liu again launched into a tirade accusing me of lying. I was going to say, "beyond what she has offered from the inception of this litigation." I repeatedly asked Mr. Liu to let me finish, but he wouldn't stop. At that point, I terminated the call.

11.Ms. Li has, consistently, offered a *de minimus* payment and a demand that we allow Ms. Li to enforce the arbitration award we had obtained against her client, Cathay Trading. Apogee has been consistently clear from the beginning of the underlying arbitration that, under no circumstances, would Apogee allow Ms. Li to either enforce the award on Apogee's behalf, or, agree to her repayment to Apogee if Apogee assigned the award to her.

12.I had, in the course of each tirade, warned Mr. Liu that, should he continue in this manner, I would terminate the call and file a unilateral statement. Perhaps he did not hear me because he was too busy shouting.

**Mr. Liu's Misrepresentations About Everything Else**

**1. The Meet-and-Confer**

13. The primary bases for the meet-and-confer I had requested regarding Apogee's contemplated Motion to Strike were three-fold:

a. Ms. Li's Answer missed the mandatory filing deadline by four days.

b. Ms. Li demanded a jury trial.

c. Ms. Li failed to plead fraud with the requisite specificity.

I had been hoping that Mr. Liu would agree to, at least, file and amended Answer, but he was unwilling to do. After meeting with my client, a decision was made to delay filing any motion that would address these shortcomings for a number of reasons, not the least of which was cost and

introduction of further delay. I have never, at any time, said anything remotely suggesting that I couldn't file the motion "because I was sick."

2. **Mr. Liu's "Request" for the Rule 26(f) Statement**

14. Shortly after the aborted Rule 26(f) Conference I sent Mr. Liu an email entitled, "Your conduct at the Rule 26(f) conference," that stated:

> Dear Mr. Liu:
>
> As you are well aware, our mandatory Rule 26(f) conference was never completed because I was forced to hang up on you because you repeatedly interrupted me and, instead, chose to raise your voice and proceed with endless tirades that, inter alia, accused me of fraudulent conduct, made personal comments about m[e], and, despite repeated requests, persisted in this unprofessional behavior. I will note that this is not the first time that your unprofessional conduct has resulted in the premature termination of a court-ordered conference.
>
> Because you refused to participate in the Rule 26(f), we will be filing the conference report unilaterally. Needless to say, our unilateral report will contain the reasons it is not jointly filed.

A true and correct copy of my email to Mr. Liu is attached hereto as Exhibit A.

15.Mr. Liu has omitted my email from his Response to OSC, as well as his response to that email, which stated:

> Your generic, false accusations are denied because they lack any factual basis. To the contrary, your misbehaviors during the conference are inexcusable.
>
> First, you asked my office to spend significant amount of resources to meet and confer with you regarding a motion to strike you said you were filing. After a lengthy meet and confer, you filed nothing. This morning, you claimed that you were ill, But when I asked you the time and specific of your claimed illness, you refused to answer. While seeking medical treatment might be a personal matter, you mentioned this issue as an excuse for your failure to file appropriate pleading. There was thus nothing inappropriate for us to ask about your claimed illness--which you still have not clarified. Your claimed illness is false.
>
> Second, you demanded to depose me as part of this case's fact discovery process. This is simply inappropriate, and you know it. As a senior attorney, you should know better. Please refrain from relying on such gimmicks.

Please send me the draft 26(f) conference statement as soon as you finish.

A true and correct copy of Mr. Liu's email response to me is attached hereto as Exhibit B.

As with Mr. Liu's other representations, his accusations in his email wer completely false.

**Conclusion**

16. Mr. Liu claims that "the Magistrate Judge called Mr. Tauger out for not knowing the rule." The Magistrate Judge did not "call me out" for anything, as is clear from the Magistrate's Order at Docket # 42, which Mr. Liu actually cites in support of his completely false allegation.

17. On the contrary, it is Mr. Liu who has been consistently and expressly admonished by the Court for his violations of Local Rules of this Court.

18. For example, this Court stated, "[T]he Court admonished Li for her failure to raise this argument sooner," (Docket # 47) when Mr. Liu failed to have raised the *Voltage* case, either in his Motion to Dismiss or his Reply until 15 minutes before the hearing on his motion.

19. Mr. Liu failed to meet-and-confer with, provide his portion of the joint stipulation, and refused to sign the joint stipulation pursuant to L.R. 37 for

Apogee's unsuccessful Motion to Compel. *See*, Tauger Declaration, "Certification Pursuant to L.R. 37-2.4" at page 6, Docket # 36.

20. Mr. Liu failed to request, much less conduct, a Local Rule 7.3 meeting of counsel as a mandatory prerequisite for filing Li's Motion to Dismiss. *See*, Opposition to Moton to Dismiss 13:8:22. Docket # 65; Declaration of Paul N. Tauger, ¶ 5, Docket # 55.

21. Mr. Liu failed to meet-and-confer with, provide his portion of the joint stipulation, and refused to sign the joint stipulation pursuant to L.R. 37 for Apogee's unsuccessful Motion to Compel. *See*, Tauger Declaration, "Certification Pursuant to L.R. 37-2.4" at page 6, Docket # 36.

22. At the hearing on that motion, Liu again, tried to raise new matter at oral argument, rather than raising it in a reply brief. This time, the Court sanctioned Mr. Liu for his conduct. Docket # 67.

23. This Court denied Ms. Li's Motion to Dismiss on July 14, 2026. The Order was filed July 15, 2026, making Ms. Li's Answer due on July 29, 2026. Docket # 67. Mr. Liu filed Ms. Li's Answer on August 3, 2026. Docket # 69. I raised the fact that Mr. Liu missed the hard cut-off at our meet-and-confer on our proposed Motion to Strike. Mr. Liu's response was, "It was just a few days. It wasn't prejudicial."

I swear under penalty of perjury pursuant to the laws of the United States and the State of California that the foregoing is true and correct. Executed at Newport Beach, California, this 18th day of October, 2026.

Paul N. Tauger

**Exhibit A**

**Exhibit B**

**From:** Paul Tauger
**To:** Andy Liu
**Cc:** Robert Hart
**Subject:** Your conduct at the Rule 26(f) conference
**Date:** Friday, September 25, 2026 1:31:00 PM

Dear Mr. Liu:

As you are well aware, our mandatory Rule 26(f) conference was never completed because I was forced to hang up on you because you repeatedly interrupted me and, instead, chose to raise your voice and proceed with endless tirades that, *inter alia*, accused me of fraudulent conduct, made personal comments about my, and, despite repeated requests, persisted in this unprofessional behavior. I will note that this is not the first time that your unprofessional conduct has resulted in the premature termination of a court-ordered conference.

Because you refused to participate in the Rule 26(f), we will be filing the conference report unilaterally. Needless to say, our unilateral report will contain the reasons it is not jointly filed.

Sincerely Yours,

ADDYHART

PAUL N. TAUGER
Senior Counsel

Irvine, California
+1 949.438.3218 direct
+1 310.570.6818 mobile
www.addyhart.com

**CONFIDENTIALITY NOTICE:** This message is being sent by or on behalf of a lawyer. It is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, copy, retain or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail and discard any paper copies of this message.

**From:** Liu, Zheng
**To:** Paul Tauger
**Cc:** Andy Liu; Robert Hart
**Subject:** Mr. Paul Tauger"s unprofessional conduct at the Rule 26(f) conference
**Date:** Friday, September 25, 2026 1:55:26 PM

---

Good afternoon Mr. Paul Tauger,

Your generic, false accusations are denied because they lack any factual basis. To the contrary, your misbehaviors during the conference are inexcusable.

First, you asked my office to spend significant amount of resources to meet and confer with you regarding a motion to strike you said you were filing. After a lengthy meet and confer, you filed nothing. This morning, you claimed that you were ill, But when I asked you the time and specific of your claimed illness, you refused to answer. While seeking medical treatment might be a personal matter, you mentioned this issue as an excuse for your failure to file appropriate pleading. There was thus nothing inappropriate for us to ask about your claimed illness--which you still have not clarified. Your claimed illness is false.

Second, you demanded to depose me as part of this case's fact discovery process. This is simply inappropriate, and you know it. As a senior attorney, you should know better. Please refrain from relying on such gimmicks.

Please send me the draft 26(f) conference statement as soon as you finish.

Have a nice weekend.

Zheng “Andy” Liu
Attorney / **Aptum Law**
**A:** 1660 South Amphlett Blvd., Suite 315, San Mateo, CA 94402
**P:** (650) 475-6289
**E:** Andy.Liu@aptumlaw.us **W:** www.aptumlaw.us

On Fri, Sep 25, 2026 at 1:31 PM Paul Tauger <ptauger@addyhart.com> wrote:

> Dear Mr. Liu:
>
> As you are well aware, our mandatory Rule 26(f) conference was never completed because I was forced to hang up on you because you repeatedly interrupted me and, instead, chose to raise your voice and proceed with endless tirades that, *inter alia*, accused me of fraudulent conduct, made

personal comments about my, and, despite repeated requests, persisted in this unprofessional behavior. I will note that this is not the first time that your unprofessional conduct has resulted in the premature termination of a court-ordered conference.

Because you refused to participate in the Rule 26(f), we will be filing the conference report unilaterally. Needless to say, our unilateral report will contain the reasons it is not jointly filed.

Sincerely Yours,

ADDYHART

PAUL N. TAUGER

Senior Counsel

Irvine, California

+1 949.438.3218 direct

+1 310.570.6818 mobile

www.addyhart.com

**CONFIDENTIALITY NOTICE:** This message is being sent by or on behalf of a lawyer. It is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, copy, retain or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail and discard any paper copies of this message.