Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| APOGEE LAW GROUP P.C., a California corporation,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>HOLLY YING LI, an individual,<br><br>Defendant/Respondent. | **CASE NO: 8:24-cv-02368-JVS-KES**<br><br>**JAMS ARBITRATION NO: 1200058273**<br><br>**PLAINTIFF/PETITIONER APOGEE LAW GROUP P.C.'S APPLICATION FOR A MOTION HEARING IN LIEU OF A COURT TRIAL**<br><br>Before the Honorable JAMES V. SELNA |

## I. Introduction

On October 31, 2023, three full years ago, the arbitrator in JAMS Arbitration No. 120058273, issue the Final Award to Plaintiff/Petitioner Apogee Law Group P.C. ("Apogee") in the amount of $99,996.26, plus post judgment interest, currently at $130,049.89. It is not disputed that, pursuant to both California state and federal statutory law the time has long-since passed to vacate, modify, correct, or otherwise challenge the validity of the award. Though Apogee's instant petition to confirm this award was filed October 30, 2024, Li has made no attempt whatsoever to comply with the arbitrator's award. (Dkt. 1)

At the hearing on December 19, 2026,[1] counsel for Apogee brought to the Court's attention that, though Defendant/Respondent Holly Ying Li's ("Li") Answer demanded a jury trial, no trial of any kind, neither bench nor jury, is allowed by law. Apogee contended that statutory authority and court authority all the way up to the United States Supreme Court, have confirmed this bright-line rule.

This Court then ordered Apogee to file an application for a motion hearing in lieu of a court trial, and order Li to file a brief on the law for the demand for

[1] The December 19th hearing was calendared as a scheduling conference and also an Order to Show Cause why counsel for Defendant/Respondent Holly Li should not be sanctioned for failing to participate in the Rule 26(f) conference of counsel. (Dkt. 73)

jury trial. (Dkt. 77). In compliance with that Order, Apogee responds with the instant brief.

## II. As a Matter of Law, Applications to Confirm an Arbitration Award Must be Decided Only by Motion

Title 9 of the United State Code, the Federal Arbitration Act, defines federal law regarding arbitration. 9 U.S.C. § 6 provides the procedure for confirmation of applications to confirm an arbitration award. It states, in its entirety: "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."

The United States Supreme Court, in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) explained the intent of the statute:

> The [Federal Arbitration] Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. §§ 9-11. An application for any of these orders will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court. [9 U.S.C.] § 6.
>
> *Hall St. Associates,* 552 U.S. at 582.

This stricture mandates that courts treat applications to confirm arbitration awards pursuant to the procedural rules governing motions. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) ("A directive to a federal court to treat arbitration applications 'in the manner provided by law' for all other motions is simply a command to apply the usual federal procedural rules."). There are no Federal Rules of Civil Procedure that authorize a full trial on the merits of a motion.

Moreover, Fed. R. Civ. P. 43(c) authorizes this court to consider a motion on affidavits: "When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Here there are no facts outside of the record that must be determined. "Once a case reaches the federal courts . . . the private arbitration process is complete, and because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others. . . a federal court may only review an arbitral decision on the grounds set forth in the Federal Arbitration Act. *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 1000 (9th Cir. 2003).

"[I]f a party seeks a judicial order confirming an arbitration award, the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 [vacatur] and 11 [modification] of [the FAA]." *Hall Street Assocs., supra at* 587,

The record discloses that Li has never challenged Apogee's award on any judicially-cognizable grounds and, as noted, the time in which she may do so has long since been expired under both California state and Federal statutes. Accordingly, as there are no facts outside of the record before this Court, there is no basis for taking evidence. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases. . ." *Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S.* at 587.

As such, pursuant to the U.S. Supreme Court's directive in *Hall St. Assocs.*, Apogee respectfully suggests that this Court must grant Apogee's application for confirmation of its arbitration award.

## III. Addition Remedies

### A. Post Judgment Interest

Upon filing of its application for confirmation with the Court, Apogee provided the amount of post-judgment interest accrued on its arbitration award through the date of filing. As noted, *supra*, an additional three years has passed, entitling Apogee to additional post-judgment interest in the amount of $30,053.63. Apogee respectfully requests that it be applied to this Court's confirmation of Apogee's award.

/ / /

/ / /

**B. Litigation Costs**

Fed.R.Civ.Pro. 54(d)(1) provides that costs other than attorneys' fees shall be allowed as of course to the prevailing party. USDC Central District Local Rule 54-1 defines "prevailing party" in this context as "the party in whose favor judgment is entered." In turn, Fed.R.Civ.Pro. 54(a) provides, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

9 U.S.C. § 16(a)(1)(D), specifically defines an "appealable order" as one "confirming or denying confirmation of an [arbitration] award or partial award." Because an order confirming Apogee's arbitration award is an "appealable" order, and "judgment" includes "any order from which an appeal lies," Apogee would be a "prevailing party" whose costs incurred may be taxed. However, this straight-forward statutory recital is not the alpha-and-omega of the availability of costs to Apogee. The courts, too, have provided guidance that supports this conclusion.

The analysis of the applicability of Rule 54(d)(a) to applications to confirm an arbitration award begins with the U.S. Supreme Court's opinion in *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989): "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." In *San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys.*, 568 F.3d 725 (9th Cir. 2009), the Ninth Circuit applied this standard when it held that, pursuant to Rule 54(d)(1), the plaintiff in a

motion for summary judgment was the prevailing party for purposes of an award of costs. *Id.* at 742. Though, of course, *San Diego Police Officers* involved a different order than is presented here, the logic leading to the conclusion pertains: as with a motion for summary judgment, an application for confirmation of an arbitration award is an appealable motion that is dispositive as to determining the relationship between petitioner and respondent. Other federal courts have affirmed that confirmation proceedings for arbitration awards support taxation of litigation costs. *See, e.g.*, *Aqua Toy Store, Inc. v. Triplecheck*, 2005 U.S. Dist. LEXIS 51484, *6-7 (SD Fla.) ("Triplecheck prevailed in the present case as the Court granted their application for confirmation of arbitration award. Accordingly, Triplecheck is entitled to receive all costs recoverable under 28 U.S.C. § 1920."); *Lummus Global Amazonas v. Aguaytia Energy Del Peru*, 2002 U.S. Dist. LEXIS 21885, *6 (SD Tex.) "The Fifth Circuit has recognized that in proceedings to confirm and enforce arbitration awards, district courts enjoy 'wide discretion' in determining whether to award costs of court."); *Executone Info. Sys. v. Davis*, 26 F.3d 1314, 1330-31 (5th Cir. 1994) (affirming award of costs in a petition to confirm arbitration).

Because statute and precedent support awarding costs, Apogee respectfully request that, upon confirming Apogee's arbitration award, the Court permit

Apogee to file an application to tax costs, any award of which will be added to the judgment.

**C. Attorney's Fees**

As a general rule, absent a contractual provision or statutory authorization, a prevailing party may not collect attorney's fees. *Miller-Wohl Co. v. Commissioner of Labor & Industry* (9th Cir. 1983) 694 F.2d 203, 204 ("[T]he American rule requires each party to bear its own attorney fees absent contrary contractual or statutory provisions. Exceptions are narrowly circumscribed"). However, "[A] court may assess attorneys' fees 'when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.* (9th Cir. 1983) 707 F.2d 425, 428, *quoting, Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975).

In *International Union*, the Ninth Circuit held, "[W]e agree with other circuits which have confronted this issue and conclude that an unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Id.* at 428, *citing, Int'l Ass'n of Machinists & Aerospace Workers Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 283-284 (5th Cir. 1981); *Lackawanna Leather Co. v. United Food and Commercial Workers, Dist.* 271, 706 F.2d 228 (8th Cir. 1983) (*en banc*); *cf. Chauffeurs Teamsters and*

*Helpers, Local 765 v. Stroehmann Brothers Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980).

In such instance, the Ninth Circuit stated the rule as follows:

> This policy has been succinctly stated by the Fifth Circuit Court of Appeals:
>
> 'We refuse to countenance frivolous and wasteful judicial challenges to conscientious and fair arbitration decisions.' . . . The federal labor policy favoring voluntary arbitration dictates that when a refusal to abide by an arbitration decision is without justification, and judicial enforcement is necessary, the court should award the party seeking enforcement reasonable costs and attorneys' fees incurred in that effort. This sanction is necessary lest federal labor policy be frustrated by judicial condonation of dilatory tactics that lead to wasteful and unnecessary litigation.
>
> *International Union, supra,* at 428-429

There is no question that Li has failed to abide by the arbitrator's award – she has made no attempt to pay any amount of the award entered against. Instead, she has challenged, and continues to challenge, every aspect of what should have been a simple proceeding to avoid compliance with the arbitrator's award. Indeed, in the underlying arbitration, the arbitrator made express findings of vexatious conduct on

her part and more than tripled the award against her as compensation. Apogee also maintains that Li's bad-faith is further demonstrated by her demand for a jury trial which is clearly precluded. *See, e.g., Carmack v. Chase Manhattan Bank (USA)* (ND Cal. 2007) 521 F. Supp. 2d 1017, 1029 ("Section 9 [of the Federal Arbitration Act] does not grant the right to a jury, nor do Sections 10 and 11. This case did not involve an attempt to compel arbitration under 9 U.S.C. § 4."). Apogee respectfully requests that the Court note is admonished Li on several occasions, most recently resulting in a sanction.

Nonetheless, the instant application is not the correct vehicle for briefing Apogee's ability to collect attorneys' fees for Li's demonstrable bad-faith. Fed. R. Civ. P. 54(d) and CD Cal. LR 54-2.1, 43-7, and 54-8, set the deadline for requesting this additional relief. Apogee therefore respectfully requests that, after issuing its order confirming Apogee's arbitration award, the Court retain jurisdiction so that Apogee may make the appropriate application for this additional relief.

## IV. Conclusion

As discussed, *supra*, an application to compel arbitration must be resolved only by motion as any trial, much less a jury trial, is expressly precluded as a matter of law. Moreover, Li's opportunity to challenge the award, either through vacatur or modification, has long since expired. *See,* 9 U.S.C. § 12 (Notice of a

motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.) Apogee therefore respectfully requests that the Court issue an order confirming the award in an amount of $130,049.89 which reflects that accrued post-judgment interest since Apogee's application for confirmation was filed.

Additionally, Apogee respectfully requests that the Court retain jurisdiction of this matter so that it may apply for costs and attorneys' fees, as permitted by law.

Respectfully submitted,

Date: November 2, 2026

Paul N. Tauger
Attorney for Applicant
APOGEE LAW GROUP LLC