UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | November 5, 2026 |
| Title | Apogee Law Group v. Holly Ying Li | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiffs' Application for Motion Hearing in Lieu of a Court Trial [78]**

Before the Court is Plaintiff Apogee Law Group P.C's ("Apogee") application for a motion hearing in lieu of a trial. (Application, Dkt. No. 78.)

On October 31, 2023, the JAMS arbitrator issued a final award in favor of Apogee against Defendant Holly Ying Li ("Li") in the amount of $99,996.26. (Petition ¶5, Dkt. No. 1.) Li challenged that award, and the JAMS arbitrator confirmed the final award on November 14, 2023. (Id. ¶ 3.) On October 30, 2024, Apogee lodged its petition seeking an order confirming the final arbitration award and related post judgment interest. (See generally Petition.) Li requested a jury trial in her answer to the petition. (Answer at 13, Dkt. No. 69.)

On October 19, 2026, the parties appeared for the Rule 26(f) scheduling conference, at which the Court directed the parties to file, within two weeks, their positions regarding whether the case law supported a trial on the issues. (Dkt. No. 77.) Apogee complied, filing the present application on November 2, 2026, but to date, Li has filed nothing. Accordingly, and because Apogee's cited authority supports its position, the Court will decide the action through motions practice. See Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (A "judicial decree confirming an [arbitration] award . . . will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."); 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions. . ..").

Thus, Li is not entitled to a jury trial before confirmation of the arbitration award,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02368-JVS-KES | Date | November 5, 2026 |
| Title | Apogee Law Group v. Holly Ying Li | | |

and in any event, has failed to file with the Court its position demonstrating why it would be as ordered in the October 19 hearing. (Dkt. No. 77.)

Apogee, in its present application, also included its positions that "this Court must grant Apogee's application for confirmation of its arbitration award", that it is entitled to post judgment interest, and that the Court should allow Apogee to recover litigation costs and attorneys' fees. (Application at 5–10.) Accordingly, the Court treats the present application as setting forth Apogee's argument as it pertains to confirmation of the award, post judgment interest, litigation costs, and attorneys' fees. (Id. at 5–10.)

For the forgoing reasons, the Court **GRANTS** the application to decide the matter through motions practice and sets the following briefing schedule: Defendant Holly Li is to oppose or file a notice of non-opposition to Apogee's positions by Friday, November 13. Apogee is to file a reply, if needed, by Friday, November 20. The Court will hear the matter in court room 10C on Monday, November 30, 2026 at 1:30 PM.

**IT IS SO ORDERED.**