Paul Tauger, Esq. (SBN 160552)
ptauger@addyhart.com
AddyHart LLC
5151 California Street, Suite 100
Irvine, CA 92617
(949) 438-3218
ptauger@addyhart.com

*Attorney for Plaintiff/Petitioner*
*Apogee Law Group P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

APOGEE LAW GROUP P.C., a California corporation,

Plaintiff/Petitioner,

v.

HOLLY YING LI, an individual,

Defendant/Respondent.

**CASE NO: 8:24-cv-02368-JVS-KES**

**JAMS ARBITRATION NO: 1200058273**

**PLAINTIFF/PETITIONER APOGEE LAW GROUP P.C.'S NOTICE OF NON-OPPOSITION BY DEFENDANT/RESPONDENT HOLLY LI AND APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO 28 USC § 1927**

Before the Honorable
JAMES V. SELNA

## I. Introduction

On August 3, 2026, Defendant/Respondent Holly Ying Li ("Li") filed an Answer (Dkt. 69) in this matter that, *inter alia*, demanded a full trial on the merits before a jury. On October 19, 2026, after failing to participate in the Rule 26(f) meeting of counsel to prepare the discovery plan, including Schedule A, the Court ordered Plaintiff/Petitioner Apogee Law Group, P.C. ("Apogee) to file an application for a motion hearing in lieu of trial on Apogee's Petition to Confirm Arbitration Award (Dkt. 77). Apogee did so.

However, also on October 19, 2026, the Court ordered Li to file a brief on the law for the demand for jury trial (Dkt. 77). Li, without notice or explanation to either the Court or Apogee, failed to file anything.

On November 5, 2026, the Court granted Apogee's motion and set the following briefing schedule: Li was ordered to oppose or file a notice of non-opposition on November 13, 2026 (Dkt. 79). Again, Li, without notice or explanation to either the Court or Apogee, failed to file anything.

Apogee respectfully contends that, pursuant to 28 USC § 1927 and supporting Ninth Circuit authority that, this Court is expressly authorized to hold Li <u>and her counsel</u> jointly and severally liable for Apogee's costs, expenses and attorneys fees incurred for their vexatious, unjustifiable, bad-faith conduct in failing to satisfy the arbitration award, opposing confirmation of said award without any legal basis, and deliberately delaying said confirmation with abusive tactics, frivolous filings and deliberate failure to obey this Court's direct orders.

/ / /

/ / /

/ / /

/ / /

## II. Timeline

| | |
|---|---|
| 10/31/2023 | The arbitrator in JAMS Arbitration No. 120058273, issued the Final Award in favor of Apogee in the amount of $99,996.26, plus post judgment interest, currently at $130,049.89. It should be noted that this arbitration was started by Li, who claimed that Apogee owed her approximately $300,000.00 representing her share of fees that Apogee couldn't collect because Li had, without Apogee's knowledge and in direct contravention of Li's employment agreement, required an Apogee client to remit payment directly to Li through a company Li owned and controlled in Connecticut. Apogee opposed Li's demand and filed a counter-demand seeking that portion of the fees converted by Li.<br>The arbitrator denied Li's demand following a Motion for Summary Judgment/Summary Adjudication of Issues and, following a full trial on the merits found in Apogee's favor on its counter-demand. |
| 10/30/24 | Because the statutory time to appeal or otherwise challenge the award, and Li had failed, utterly and completely, to comply with it, Apogee filed the instant Petition to Confirm Arbitration Award. (Dkt. 1). |
| 12/11/2024 | Apogee filed a Request for Clerk to Issue Summons on Petition. (Dkt. 8). |
| 12/16/2024 | The clerk's office issued the Summons. (Dkt. 9). |

| | |
|---|---|
| 1/30/2025 | A Proof of Service Under FRCP 5(b)(2)(D) was filed by Apogee. (Dkt. 14). |
| 3/20/2025 | Apogee filed Application for Clerk to Enter Default (Dkt. 21). |
| 3/21/2025 | Default Entered (Dkt. 22). |
| 4/17/2025 | Attorney Zheng Liu enters his appearance on behalf of Li. (Dkt. 25). |
| 5/2/2025 | Attorney Liu files a Motion to Set Aside the Default. The purported basis for the motion was lack of actual notice to Li because she was served at the office of her employer. (Dkt. 30). |
| 5/12/2025 | The Court continues the hearing on Apogee's Motion for Judgment from May 19, 2025, to June 9, 2025. (Dkt. 32). |
| 5/19/2025 | Apogee filed its Opposition to Li's Motion to Set Aside. That Opposition detailed at length Li's evasion of service of process, including failing to comply with the New York State Bar, where Li is licensed, requirement to maintain a current business address. (Dkt. 33). |
| 6/9/2025 | The Court hears Apogee's Motion for Default Judgment and Li's Motion to Set Aside Default.<br>The Court's tentative was in favor of Apogee and against Li. However, only 10 minutes before the hearing, Attorney Liu advises Apogee's counsel that he will be |

| | |
|---|---|
| | arguing the *Voltage* case which was not raised in his moving papers or reply brief. (Dkts. 37 and 38). |
| 6/13/2025 | After taking both motions under submission, the Court reversed its tentative based on *Voltage*. However, the Court admonished Liu for violating this Court's rule by arguing cases and legal theories not raised in his brief and reply. (Dkt. 40) |
| 6/26/2025 | Apogee files a Motion for Reconsider. (Dkt. 44) |
| 7/16/2025 | Attorney Liu files an Opposition to Apogee's Motion. (Dkt. 45). |
| 7/17/2025 | The Court grants Apogee's Motion for Reconsideration but determines that it did not err in granting Li's Motion to Set Aside the Default. (Dkt. 47). |
| 9/26-11/26 | Both counsel for Apogee were indisposed due to serious medical conditions. |
| 12/26 | Apogee again undertakes trying to locate Li for service by U.S. Marshals. |
| 1/22/26 | The Court grants Apogee an additional 45 days to locate and serve Li. (Dkt. 50). |
| 3/12/26 | The Court grants Apogee an additional 45 days to locate and serve Li. (Dkt, 53). |
| 3/20/26 | Apogee applies *ex parte* to Magistrate Judge Scott for an order permitting pre-Rule 26(f) discovery. (Dkt. 54). |
| 3/23/26 | Magistrate Judge Scott grants Apogee's *ex parte* application. (Dkt. 55). |

| | |
|---|---|
| 4/8/26 | Apogee files Proof of Service upon Li by U.S. Marshalls. (Dkt. 57). |
| 4/21/26 | Attorney Liu files an *ex parte* application for additional time to answer. (Dkt. 60). |
| 4/22/26 | The Court grants Li's *ex parte* and orders that an answer or responsive pleading be filed by 5/5/26. (Dkt. 61). |
| 5/5/26 | Attorney Liu files another *ex parte* application for additional time to answer. (Dkt. 62). |
| 5/6/26 | The Court grants Li's *ex parte* and orders that an answer or responsive pleading be filed by 5/12/26. (Dkt. 63). |
| 5/13/26 | Attorney Liu files a Motion to Dismiss Apogee's Petition for Confirmation that includes a declaration from Holly Li. Attorney Liu failed to participate in the Mandatory Local Rule 7-3 Conference of Counsel prior to filing his motion. (Dkt. 64). |
| 6/21/26 | Apogee files its Opposition which includes an extensive recital of Li's history of falsehoods and knowing misrepresentations under penalty of perjury, both during the arbitration and in the instant matter. (Dkt. 65). |
| 7/13/26 | The Court hears argument and takes the matter under submission. The Court sanctions Attorney Liu for his misconduct in failing to meet-and-confer. (Dkt. 66). |

| | |
|---|---|
| 7/14/26 | The Court denies Li's motion, noting that, *inter alia,* Li had failed to file a Reply. (Dkt. 67). |
| 8/3/26 | Attorney Liu files an Answer demanding a jury trial and alleging, *inter alia*, fraud on the part of Apogee. (Dkt. 69). |
| 9/27/26 | Apogee's counsel calls Attorney Liu to discuss the joint report. Attorney Liu is abusive and uncooperative. After multiple warnings to Liu to cease his thoroughly unprofessional conduct, Apogee's attorney is forced to terminate the call. |
| 9/28/26 | Apogee files the joint report unilaterally. The Joint Report includes an explanation as to why it was filed unilaterally and is signed under penalty of perjury by Apogee's counsel.<br>Li files nothing. |
| 9/30/26 | The Court issues an OSC requiring Li to show in writing, no later than 10/12/26, why sanctions should not be imposed for failure to participate in preparing the Joint Report. (Dkt. 73). |
| 10/13/26 | One day after the deadline set by the Court, Li files her response to OSC. (Dkt. 74). |
| 10/16/26 | The Court sets the Scheduling Conference for 10/19/26. (Dkt. 75). |
| 10/18/26 | Apogee's counsel files a declaration under penalty of perjury setting out, in detail, Attorney Liu's falsehoods |

| | |
|---|---|
| | and misrepresentations, as well as his abusive conduct during the aborted conference of counsel. (Dkt. 76). |
| 10/19/26 | The Court directs both parties to meet-and-confer in the attorney conference room, which they do. Upon returning to the Court, Apogee's attorney requests permission from the Court to record phone any future meet-and-confer conferences. The grants permission. The Court further order Attorney Liu to file a brief on the law for the demand for jury trial within two weeks. The Court also orders Apogee's counsel to file an application for a motion hearing in lieu of a court trial. (Dkt. 77). |
| 11/2/26 | As ordered, Apogee files its application. Despite being ordered, Attorney Liu again files nothing. (Dkt. 78). |
| 11/5/26 | The Court grants Apogee's motion. Li is ordered to file an opposition or notice of non-opposition by 11/13/26. Apogee is to file a reply by 11/20. (Dkt. 79). |
| 11/13/26 | Again, despite being ordered, Li files nothing |

## III. This Court is Authorized to Award Apogee its Costs and Reasonable Attorney's Fees

The Ninth Circuit held that, "[W]e agree with other circuits which have confronted this issue and conclude that an unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons." *International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.* (9th Cir. 1983) 707 F.2d 425, 428, *citing,*

*Int'l Ass'n of Machinists & Aerospace Workers Dist. 776 v. Texas Steel Co.* (5th Cir. 1981) 639 F.2d 279, 283-284, *Lackawanna Leather Co. v. United Food and Commercial Workers, Dist. 271* (8th Cir. 1983) 706 F.2d 228.

Moreover, "Bad faith may be demonstrated by showing that a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." *Id.*, *quoting*, *Huecker v. Milburn* (6th Cir. 1976) 538 F.2d 1241, 1245 n.9. "The threat of an award of attorneys' fees tends to deter frivolous dilatory tactics. The award also compensates a plaintiff for the added expense of having to vindicate clearly established rights in court." *Id.* "'Bad faith' [in the context of a punitive award of attorney's fees] may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, (1973) 412 U.S. 1, 15.

As noted in Apogee's previously-filed Application for a Motion Hearing in Lieu of a Court Trial (Dkt. No. 78), there is no question that Li has failed to abide by the arbitrator's award – she has made no attempt to pay any amount of the award entered against. Instead, she has challenged, and continues to challenge, every aspect of what should have been a simple proceeding to avoid compliance with the arbitrator's award. Indeed, in the underlying arbitration, the arbitrator made express findings of vexatious conduct on her part and more than tripled the award against her as compensation.

That conduct has continued for the more than three years from the date Apogee's instant petition was filed. Li was served in the instant matter through her employer by January 1, 2025, nearly two years ago. When she failed to respond, on March 21, 2025, a Default was entered against her. In May, her attorney, Zheng Liu, filed a Motion to Set Aside the Default. Apogee's opposition to Li's motion detailed Li's efforts to evade service by, *inter alia*, failing to

provide addresses to the two State Bar Associations where she was licensed, claiming she didn't have anything to do with an apartment in New York City where Apogee's investigator determined she lived (and which she ultimately admitted she owned), and claiming she worked for a law firm at it's New York City office, despite the fact that the only state in which it was licensed to conduct business was California.

Attorney Liu joined his client in these tactics to avoid the consequences of the arbitration award by showing up at the hearing on their motion with contrary authority that, while ultimately determined to be dispositive, was never brought up or argued in their original motion or reply, nor brought to the attention of Apogee's counsel. Attorney Liu was expressly admonished for this stunt, which violated this Court's rules.

Accordingly, in December of 2026, Apogee again undertook to locate Li so she could be served, this time by U.S. Marshals. The Marshal's Office finally effected service on March 30, 2026. As such, Li was required to respond within 21 days, or on April 20, 2026.

On April 21, 2026, one day after the deadline, Attorney Liu filed an *ex parte* application for additional time to answer. The Court granted the *ex parte*, and ordered Li to respond by May 5, 2026. On May 5th, however, Liu filed another *ex parte* for additional time. Again, the Court granted the *ex parte* and ordered Li to respond by May 12, 2026.

On May 13, 2026, Attorney Liu filed a Motion to Dismiss Apogee's Petition for Confirmation. Not only was this the third time in the course of a single month the Attorney Liu failed to comply with Court-ordered deadlines, but he also failed to have the conference of counsel required by Local Rule 7-3.

Li's motion was styled as coming within FRCP 12 sought to dismiss Apogee's petition by attempting to quash the service effected and attested to by <u>three</u> U.S. Marshals. In so doing, Attorney Liu failed to identify any statutory grounds for dismissing Apogee's petition and, further, completely ignored FRCP 4(m) that clearly provided the mandatory remedy was to allow additional time to effectuate service, not dismissal of the instant matter. He also filed a declaration, under penalty of perjury, from Li which contained numerous falsehoods, misrepresentations and carefully-crafted evasions, all of which were dissected in Apogee's Opposition.

On July 14, 2026, this Court denied Li's motion, noting that, *inter alia*, Attorney Liu had failed to file a reply to Apogee's opposition. Clearly, he did not because there was absolutely no judicially-cognizable basis in either law or fact for doing so. The Court also sanctioned Attorney Liu for his failure to meet-and-confer in violation of the Local Rules of the Central District.

Li's Answer was due on July 29, 2026. However, Attorney Liu again failed to meet the statutory deadline and did not file an Answer until August 3, 2026. In that Answer, Li denied, *inter alia*, that:

- Apogee's Petition sought confirmation and entry of judgment of a JAMS award.
- The arbitration dispute was initiated by Li regarding allegations that she was an employee of Apogee and entitled to a portion of uncollected and unpaid legal fees.
- The arbitrator issued a Final Award after a full hearing on the merits.
- This Court has subject matter jurisdiction pursuant to Article 9 the Federal Arbitration Act.

- This Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.
- Venue is proper because both parties agreed to personal jurisdiction and agreed to waive any objections as to venue in the state and federal courts for Orange County, California.
- The Final Award didn't contain language quoted from the Final Award.
- The valid JAMS arbitration has resulted in, not only an enforceable Final Award, but a rejected challenge by Holly Li, and a reaffirmation of the Final Award by the arbitrator.
- More than three (3) months have elapsed since the award was issued, thus Holly Ying Li is precluded from filing any application to vacate, modify or correct the arbitration award pursuant to 9 U.S.C. § 12.
- The Engagement Agreement which contained the terms of the offer from Apogee to Li didn't contain language expressly quoted from it.

The Answer also asserted the following affirmative defenses:

- The award was procured by corruption, fraud, or undue means.
- There was evident partiality or corruption in the arbitrators, or either of them.
- The parties were incapacitated or the agreement invalid under applicable law.
- The party against whom the arbitration was awarded did not have notice of the arbitrator or arbitration, or was denied the opportunity to present a case.
- The composition of the arbitral authority or arbitral procedures were not in accordance with the arbitral agreement.

- The award is not yet binding, or has been set aside or suspended by a competent authority.
- The subject matter is not capable of settlement by arbitration under the applicable law.

As previously noted, Li demanded a jury trial.

Li did not verify the Answer. However, it was signed by Attorney Liu. By signing and filing the Answer, Liu certified that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FRCP 11.

It is beyond question that almost all of the denials and claims were violative of the Rule.

Finally, during Apogee's counsel's attempt to conduct a telephonic conference-of-counsel, Attorney Liu was abusive and uncooperative. He insulted Apogee's counsel personally and refused to discuss any of the claims and defenses asserted his Answer, repeatedly shouting, "That's what discovery is for!" Apogee's counsel specifically requested any factual basis for the fraud allegations. Mr. Liu refused to provide any details other than screaming, "Where does she live? Where does she live?" over and over again. At that point, Apogee's counsel terminated the call.

Apogee's counsel was therefore required to file a unilateral Joint Report; and took the unusual step of describing Attorney Liu's behavior and then signing the submission under penalty of perjury. Attorney Liu failed to file anything.

On September 30, 2026, this Court issued an OSC requiring Li to show in writing, no later than October 12, 2026, why sanctions should be imposed for his failure to participate in preparing the Joint Report.

At the Court-ordered status conference and at Apogee's counsel's request, the Court granted permission for the parties to record each other's conference calls. The Court further ordered Attorney Liu to file a brief on the law for his demand for a jury trial within two weeks. The Court also ordered Apogee to file an application for a motion hearing in lieu of a court trial.

Apogee filed its motion as ordered. Attorney Liu is ordered to file an opposition or notice of non-opposition by 11/13/26. Again, despite the Court's order, Li filed nothing.

## I. Attorney Liu Should be Held Jointly and Severally Liable for Apogee's Attorney's Fees

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This Court has addressed the subject of sanction attorney conduct as recently as last years:

> District courts also possess the inherent authority to issue sanctions, including an award of attorney's fees, in response to "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (citation omitted). Bad faith supporting such sanctions "may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15, 93 S. Ct. 1943, 36 L. Ed. 2d 702 (1973). "An award of attorneys' fees for bad faith is within the district court's discretion." *Stitt v. Williams*, 919 F.2d 516, 531 (9th Cir. 1990).
>
> Finally, Local Rule 83-7 provides that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful

> disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." C.D. Cal. L.R. 83-7.
>
> *Minjie Zheng v. Internet Corp. for Assigned Names & Numbers,* 813 F. Supp. 3d 1135, 1139 (CD Cal. 2025

## II. Conclusion

Li brought the consequence of her actions on herself when she started this dispute by filing her Demand for Arbitration against Apogee more than five years ago on March 26, 2021. Her claims were quickly disposed of in summary judgment has being tantamount to frivolous. Apogee proved its claims for conversion in a full hearing on the merits. The Arbitration award was not merely a vindication of Apogee, but also constituted compensation, not just for Li's conversion of Apogee's money, but for the misrepresentations, unnecessary vexatious motion practice and drain on Apogee's resources that the two-year long marathon litigation represented.

Now, Li continues to waste Apogee's time and resources by engaging in deliberate delaying tactics, arguing motions lacking merit, violating order after order of this Court and, ultimately, filing an Answer that is a *prima facie* violation of Rule 11. However, this time she has the assistance of Attorney Liu in her malfeasance.

As discussed, *supra*, both the case law of the Ninth Circuit and statutory law provide that parties to litigation <u>and their counsel</u> cannot engage in this kind of abusive derogation of their obligations to litigate in good-faith and comply with this Court's orders in doing so. Apogee respectfully submits that, if ever a matter begged for the imposition of sanctions against both client and counsel, this is the

one. Apogee therefore respectfully requests that the Court grant its Petition to Confirm its Arbitration Award against Li and, further, to award Apogee its costs and attorney's fees against Li and Attorney Liu, jointly and severally.

Respectfully submitted,

Date: November 20, 2026

Paul N. Tauger
Attorney for Plaintiff/Petitioner
Apogee Law Group P.C.